652 So.2d 992 (1995)
Mr. & Mrs. Warren KENNEY, Individually and in Their Capacity as Surviving Parents of Denise Kenney Latshaw
v.
Dr. Aris COX, Feliciana Forensic Facility, Louisiana Department of Health and Human Resources, the State of Louisiana, New Orleans Towers, a Louisiana Limited Partnership, Rodney Lawler, H. Pat Wood and W. Thomas Howard.
No. 95-C-0126.
Supreme Court of Louisiana.
March 30, 1995.
PER CURIAM.
Writ granted. The plaintiff's decedent was picking up her grandmother at New Orleans Towers when she was abducted, sexually assaulted and murdered. The grandmother was a resident of New Orleans Towers, an apartment complex for the elderly, which is alleged to have emphasized security as well as a lighted parking lot in advertisements.
A summary judgment was granted when it is not clear that no legal duty was owed to the victim. Also there appear to be disputed issues of fact the resolution of which would aid in deciding the duty question. Trial of the matter is necessary to resolve the case. Summary judgment is vacated and the case remanded for further proceedings.
DENNIS, J., concurs with reasons.
CALOGERO, C.J., not on panel.
DENNIS, Justice, concurring.
I concur, but write separately because I am of the opinion that we should bring this case up for a full and considered opinion on the issues presented. The Court of Appeal's opinion reflects what in my opinion is the erroneous conclusion that the defendants had no general duty to protect individuals classified as "guests" from "inarticulated criminal conduct"; hence, the defendants could not be held liable for the decedent's death. In reaching this conclusionpurely on the basis of the decedent's statusthe Court of Appeal appears to have conflated the separate questions of whether a duty of care existed as a matter of law and whether, in the context of this case, defendant's conduct was a legal cause of decedent's harm. Consequently, the Court of Appeal treated as purely a legal question the issue of whether the harm caused decedent was within the scope of a duty owed her by the defendants. Because I feel that our jurisprudence has not clarified the distinction between the existence of a general duty of care (a legal question) and the "legal cause" or "duty/risk" question of the particular duty owed in a particular factual context (a mixed question of law and fact), and because this question is of special significance in the summary judgment context, I believe that it would be appropriate for us to grant the writ to consider this question more carefully.