JjFITZSIMMONS, J.
The trial court found that defendant, Pharoah’s Palace, Inc., had no duty to protect plaintiffs decedent, Marc Antonio Hookfin. The trial court opined in written reasons that, without a duty to protect, any issues of fact remaining were not material. The trial court granted Pharoah’s Palace, Inc.’s motion for summary judgment. The judgment dismissed, with prejudice, the suit filed by decedent’s father, Mr. Anthony Hookfin (Mr. Hookfin). We vacate the judgment, and remand.
FACTS AND PROCEDURAL BACKGROUND
Pharoah’s Palace, Inc. d/b/a Cajun Hall (Pharoah’s) entered into a lease with C-LOC Records, Inc. (lessee). In the lease, lessee assumed “full responsibility for the character, acts and conduct of all persons admitted to” Cajun Hall. The lessee also agreed to indemnify and hold Pharoah’s harmless for any and all negligent claims. However, in the same lease, Pharoah’s retained control over the building and various aspects of security:
1. “The building, including the leased premises and the keep thereof, must be at all times under the charge and control of the ... Director .... In all matters arising under this lease, Director shall mean the duly authorized representative of the Cajun Hall”;
*202 2. The Director had the right to cancel the lease at any time if the actions of the lessee were “contrary” to the “welfare” of the public;
3. The lessee agreed to have the number of firemen and policemen “requested by Director, but no less than the number required in Section 20” of the lease;
4. The Director reserved “the right to eject any objectionable person or persons from the building .... ”
On the night of November 11, 1995, lessee was the promoter of a concert in Cajun Hall. Marc Anthony Hookfin attended the concert. During the evening, Marc sustained injuries from an unknown person or persons that allegedly resulted in his death.
Marc’s father, Mr. Hookfin, sued Phar-oah’s, the lessee, and others. The record contains the following exhibits submitted by Pharoah’s in support of its motion for ^summary judgment: a copy of the lease, Mr. Hookfin’s answers to interrogatories, an affidavit by an insurance investigator concerning a song played at the concert, and Mr. Hookfin’s petition. The record contains the following exhibits submitted by Mr. Hookfin in opposition to the motion: a copy of the lease, request for admission of facts and Pharoah’s responses, interrogatories propounded by Mr. Hook-fin to another defendant and responses from that defendant, and two affidavits.
From the evidence submitted on motion for summary judgment, some facts were unrebutted. In response to one of Mr. Hookfin’s requests for admission of facts, Pharoah’s admitted that its representative “was on site at the event only to ensure that the terms of the [lease] were fulfilled.” In the affidavit dated November 18,1997, Ms. Shenetra Lanus attested that fights were almost continuous during live singing performances for a period of more than forty-five minutes, that she saw only three security guards, that the guards were not concerned with the fighting, and that Marc was injured during “one of the last of these violent fights ....” By affidavit dated October 28, 1997, Baton Rouge Police Department Sergeant Jerry Callahan attested that he saw a long line of people waiting to get into the hall the night Marc sustained his injuries. Neither party objected to the copies of the lease introduced as evidence.
On appeal, Mr. Hookfin asserts that Pharoah’s did not transfer all of its responsibilities to the lessee. Thus, the trial court erred in finding that no duty from Pharoah’s to Marc existed. Additionally, Mr. Hookfin argues that the fighting was ongoing, and that a fatal injury was foreseeable and not unanticipated. Mr. Hook-fin believes that the lessor, Pharoah’s, “knew or should have known of the violence taking place at the concert; therefore, a serious question [of fact] exists as to whether it breached its minimal duty of protecting the concert goers from the anticipated criminal acts of third persons.”
Pharoah’s argues that the lease transferred to the lessee any duty it had to protect Marc Hookfin. Alternatively, Pharoah’s argues that even if it owed a duty, that duty did not encompass a duty to protect Marc from the intentional criminal acts of third parties.
jyhEGAL PRINCIPLES
We are not called upon to establish definitively Mr. Hookfin’s claims. The record contains no motion for summary judgment by Mr. Hookfin. The issue is whether the grant of Pharoah’s summary judgment was correct. Did Pharoah’s meet its burden of proof under Louisiana Code of Civil Procedure articles 966 and 967: that is, did Pharoah’s show that no genuine issue of material fact remained, and it was entitled to summary judgment as a matter of law? To answer the question on appeal, summary judgments are reviewed de novo. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750; Singletary v. Crown Zellerbach, 607 So.2d 804, 808 (La.App. 1st Cir.1992).
*203 A business proprietor or owner owes a duty to provide patrons with reasonably safe premises, including reasonable protection from the risk of foreseeable assaults. Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364, 1369 (La.1984). Moreover, a duty of protection may be assumed. If assumed, it must be performed with due care, Id. However, a business does not owe a duty to its patrons to protect them from the unanticipated criminal acts of third parties. Only when the owner or management of a business knew or should have known of the criminal conduct, and it was within the owner or management’s power to protect against such conduct, does a duty to the patron arise. Atkins v. Frazell, 470 So.2d 505, 510-11 (La.App. 1st Cir.1985).
ANALYSIS
This appeal is from a summary judgment, not a full-scale trial. Thus, our finding is based on the evidence submitted by the parties on Pharoah’s motion for summary judgment. From the unrebutted facts in the record, “it is not clear that no legal duty was owed to the victim” by Pharoah’s. Kenney v. Cox, 95-0126, p. 1 (La.3/30/95), 652 So.2d 992, 992. In its attempt to retain some control over the building and security, the lessor may have retained or assumed some type of duty to the victim as well. Though not specifically reached by the trial court, it appears possible that the fighting may have been of sufficient intensity and duration that the criminal acts of the third parties were foreseeable or should have been anticipated by the Pharoah’s representative on the scene.
| .CONCLUSION
Further discovery or a trial may clarify the issues of duty and foreseeability, but the present record does not support summary judgment against Mr. Hookfin. Pharoah’s did not meet its burden under Louisiana Code of Civil Procedure articles 966 and 967. For these reasons, we vacate the summary judgment, and remand for further proceedings.
SUMMARY JUDGMENT VACATED, AND CASE REMANDED.