TERRI F.«LOVE, Judge.
11 This appeal arises from the death of plaintiffs’ mother from mesothelioma. Decedent alleged that she was exposed to asbestos when she laundered her first husband’s work clothes and while cleaning their home. The sugar mill where decedent’s first husband worked part-time filed a motion for partial summary judgment contending that there was no foreseeable duty to protect the decedent, as a wife of a part-time electrician’s helper working as an independent contractor in the mill. The trial court granted the summary judgment finding that the plaintiffs would be the more likely party to seek appellate review of the judgment'. Because we find that answers to genuine issues of material *1180 fact regarding the foreseeability of a duty would assist in the ultimate factfinder’s discernment of whether the mill owed decedent a duty, we reverse the trial court and remand for further proceedings consistent with this opinion.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

From 1964 to 1972, James “Huey” Chustz worked part-time for Hershel Leonard, Jr. Electric Company (“Hershel”), beginning as an electrician’s helper. During this time, Mr. Chustz worked a minimum of 250 days with Hershel at Alma Plantation, L.L.C. (“Alma”), a sugar mill in Point Coupee Parish, wherein Mr. Chustz 12alleges that he would become covered in dust. Mr. Chustz would then go home covered in dust from brushing against pipes. Mr. Chustz’s wife, Elizabeth Gailyne Sutherland, was responsible for cleaning their home and laundering them clothes.[1] Mrs. Sutherland testified that the dust from Mr. Chustz’s work clothes could be seen in the air, and would spread around the home. On December 12, 2012, Mrs. Sutherland was diagnosed with malignant pleural mesothelioma.
In March 2013, Mrs. Sutherland filed a Petition for Damages against Metropolitan Life Insurance Company; Alma; Taylor-Seidenbach, Inc.; The McCarty Corporation; ANCO Insulations, Inc.; Liberty Mutual Insurance Company; Arrowood Indemnity Co.; and Eagle, Inc. for her exposure to asbestos that caused her mesothelioma. Mrs. Sutherland passed away on July 14, 2013. Her children: Brian J. Chustz, individually and as executor of the estate, James S. Chustz, David K. Chustz, and Nicholas K. Sutherland (collectively “Plaintiffs”), were substituted as the party plaintiffs. Thereafter, numerous defendants were added via amended petitions.[2] Alma filed cross-claims and third party demands seeking virile share and/or other contributions from the other defendants.
Alma subsequently filed a Motion for Partial Summary Judgment contending that it did not owe a duty to Mrs. Sutherland because her injuries were unforeseeable. Alma also filed Motions for Partial Summary Judgment seeking the dismissal of Plaintiffs’ claims regarding strict liability, absolute liability, intentional torts, conspiracy, fraud, and the claims against Alma’s executive officers. Alma and Plaintiffs dismissed the other parties in the suit. Thereafter, Plaintiffs and Alma were the only remaining parties.
IsPrior to rendering a judgment on whether Alma owed a foreseeable duty to Mrs. Sutherland, the trial court granted Alma’s Motions for Partial Summary Judgment on strict liability, absolute liability, intentional torts, conspiracy, and fraud. Accordingly, the singular remaining issue was Alma’s duty to Mrs. Sutherland. The trial court granted Alma’s remaining Motion for Partial Summary Judgment[3] regarding a duty. Plaintiffs’ appeal followed.
Plaintiffs contend that the trial court erred by granting Alma’s Motion for Partial Summary Judgment based on who was more likely to appeal, and because genuine issues of material fact exist as to the foreseeability of Mrs. Sutherland’s injuries to Alma.

*1181
SUMMARY JUDGMENT

“The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969.” La. C.C.P. art. 966(A)(2). “The procedure is favored and shall be construed to accomplish these ends.” La. C.C.P. art. 966(A)(2). “[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to'material fact and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(A)(3).
The party filing the motion for summary judgment bears the burden of proof. La. C.C.P. art. 966(D)(1). However, “if the mover will not bear the burden of proof at trial on the issue,” then he must only “point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” La. C.C.P, art. 966(D)(1). “The burden is on the adverse party to produce ^factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.” La. C.C.P. art. 966(D)(1).
Appellate courts review the granting of a motion for summary judgment with the de novo standard of review. Brunet v. Fullmer, 00-0644, p. 3 (La.App. 4 Cir. 1/10/01), 777 So.2d 1240, 1241. “Appellate courts use the ‘same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.’ ” Weintraub v. State Farm Fire & Cas. Co., 08-0351, p. 2 (La.App. 4 Cir. 10/29/08), 996 So.2d 1195, 1196-97, quoting Supreme Servs. and Specialty Co., Inc. v. Sonny Greer, Inc., 06-1827, p. 4 (La,5/22/07), 958 So.2d 634, 638. “A fact is ‘material’ when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery.” Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751, quoting Penalber v. Blount, 550 So.2d 577, 583 (La.1989). “[Fjacts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.” Smith, 93-2512, p. 27, 639 So.2d at 751, quoting South Louisiana Bank v. Williams, 591 So.2d 375, 377 (La.App. 3d Cir.1991). “Simply put, a ‘material’ fact is one that would matter on the trial on the merits.” Smith, 93-2512, p. 27, 639 So.2d at 751.
' “A trial judge cannot make credibility determinations on a motion for summary judgment.” Hutchinson v. Knights of Columbus, Council No. 57⅛7, 03-1533, p. 8 (La.2/20/04), 866 So.2d 228, 234. “The credibility of a witness is a question of fact.” Id. “Although summary judgment is seldom appropriate for determinations based on subjective facts of motive, intent, good faith, knowledge, or malice, this Ucourt acknowledged in Smith that ‘summary judgment may be granted on subjective intent issues when no issue of material fact exists concerning the pertinent intent.’ ” Jones v. Estate of Santiago, 03-1424, p. 6 (La.4/14/04), 870 So.2d l002, 1006, quoting Smith, 93-25121, 639 So.2d at 751.

LIKELINESS TO APPEAL

Plaintiffs assert that .the trial court erred by “arbitrarily” granting Alma’s Motion for Partial Summary Judgment.- based on the party most likely to appeal.
’ On a motion for summary judgment, the trial court must determine whether there are genuine issues of “triable” fact. Hines v. Garrett, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765. The trial court stated:
*1182 Well, this is where I’m, [sic] guys. I want-it to go up.
[[Image here]]
You know, I know it will go up either way. Okay? But I want to be certain that it goes up. And the only way that I can be certain that it does up is probably if I rule against you. That’s probably the only way. If I rule in'your favor they may not take it up.
We note that the trial court’s decision to grant Alma’s Motion for Partial Summary Judgment based on the party most likely to appeal does riot comport with the requirements of La. C.C.P. art. 966. Nonetheless, “[a]ppeals are' taken from the judgment, not the written reasons for judgment.” Greater. New Orleans Expressway Comm’n v. Olivier, 02-2795, p. 3 (La.11/18/03), 860 So.2d 22, 24. Accordingly, we now address the remaining issue pertaining to the trial court’s judgment: whether the trial court erred by-rinding that a duty to protect Mrs. Sutherland was not foreseeable to Alma, and granting Alma’s Motion for Partial Summary Judgment.

FORESEÉABILITY

Plaintiffs contend' that “[s]ummary judgement was an inappropriate method of resolving questions of reasonableness and foréseeability in determining the existence |fiof a duty in this case.” Plaintiffs assert that the question before the trial court was not the existence of a duty, but the scope of that duty, which should have been preserved for the factfinder. Contrariwise, Alma asserts that Mrs. Sutherland’s injuries were not foreseeable' from Mr. Chustz’s “occasional work” at Alma as a “part-time electrician’s helper for an independent contractor.” Additionally, Alma notes that the first Occupational Safety and Health Administration regulations regarding asbestos were not published until June 1972 after Mrs. Sutherland and Mr. Chustz separated.[4]
“[A]sbestos cases often present novel legal issues.” Zimko v. Am. Cyanamid, 03-0658, p. 22 (La.App. 4 Cir. 6/8/05), 905 So.2d 465, 482. However, “[t]he threshold question iri any duty-risk analysis is whether the defendant owed a duty to the plaintiff.” Pinsonneault v. Merchants & Farmers Bank & Trust Co., 01-2217, p. 7 (La.4/3/02), 816 So.2d 270, 276. “Whether a duty is owed is a question of law.” Id.
“Although duty is a question of law, summary judgment on the issue- of duty is proper ‘only where no duty exists as a matter of law and no factual or credibility disputes exist.’ ” Teter v. Apollo Marine Specialities, Inc., 12-1525, pp. 14-15 (La. App. 4 Cir. 4/10/13), 115 So.3d 590, 598, quoting Parish v. L.M. Daigle Oil Co., 98-1716, pp. 11-12 (La.App. 3 Cir. 6/23/99), 742 So.2d 18, 25. This Court held that the
resolution of a negligence case based on a finding that a defendant has “no duty” should be reserved for the exceptional situation in which there is ‘“a rule of law of enough breadth and clarity to permit the trial judge in most cases raising the problem to dismiss the complaint or award summary judgment for defendant on the basis of the rule,’”
Zimko, 03-0658, p. 23, 905 So.2d at 482-83, quoting Pitre v. Louisiana Tech University, 95-1466, p. 2 (La.5/10/96), 673 So.2d 585, 597, quoting Professor David |7W. Robertson, et al., Cases and Materials on Torts 161 (1989). Louisiana previously recognized that employers may owe a duty to members of employees’ households “re *1183 suiting from exposure to asbestos fibers carried home on its employee’s clothing, person, or personal effects.” See Zimko, 03-0658, p. 28, 905 So.2d at 488, and Chaisson v. Avondale Indus., Inc., 05-1511, p. 15 (La.App. 4 Cir. 12/20/06), 947 So.2d 171, 184. Further, the Louisiana Supreme Court .opined that knowledge of the dangerousness of asbestos exposure was evident by the Louisiana Workers Compensation Act including asbestosis as an occupational disease in 1952, almost twenty years prior to the enactment of OSHA. Rando v. Anco Insulations Inc., 08-1163, 08-1169, p. 29 (La.5/22/09), 16 So.3d 1065, 1087. The Court reasoned that “[although asbestosis may not be equated with mesothelioma, it and mesothelioma share a causative agent, asbestos.” Id. Given the above, we do not find that this presents an exceptional situation wherein a “no duty” rule exists, as a matter of law. Accordingly, we continue with our analysis.
“Courts use foreseeability as a way of determining whether a harm is encompassed within a duty.” Chaisson, 05-1511, p. 24, 947 So.2d at 188. ' The Louisiana Supreme Court held that the granting of a summary* judgment was improper-when there 'were factual issues remaining that would assist in determining whether 'the defendant owed the injured party a duty. Kenney v. Cox, 95-0126, p. 1" (La.3/30/95), 652 So.2d 992, 992. The Court found that a trial on the merits was “necessary to resolve the case,” Id.
Mr; Chustz testified that while working for Hershel at Alma, he would - become covered in a white dust from the pipes, and that his clothes were “filthy” when , he returned home. Alma was a “real filthy” mill according to Mr. Chustz. Mr. Chustz always wore his work clothes home and did not wear protective clothing. Once Ishome, he would sit on their sofa and relax in his “filthy” work clothes. Lastly, Mr. Chustz stated in his affidavit that “[djuring our years of marriage, I was- exposed to visible dust from asbestos containing thermal pipe insulation,” at Alma.
Mrs. Sutherland testified that Mr. Chustz would “come home with stuff all over his- clothes [sic] powder or — dust.” She stated that she would shake the dust-off of his clothes prior to washing them, sweep the dust off of the floors, and clean the dust out of Mr. Chustz’s truck. Mrs. Sutherland testified that all of the dust came from Alma.
Plaintiffs presented numerous articles discussing the dangers of dusts and asbestos in the workplace. Plaintiffs also presented invoices presumably showing that asbestos containing products were purchased and used by Alma. Plaintiffs also presented the affidavit of Steve Hays, an industrial hygiene expert, who stated that asbestosis was discussed' in literature in the 1930s.. Mr. Hays also noted that Louisiana’s Workers Compensation Act in 1952 included asbestosis as an occupational disease. After reviewing the invoices in the record, Mr. Hays testified that “Alma was purchasing asbestos containing insulation.” Mr. .Hays stated that Alma had asbestos containing pipe covering, cement, and possibly firebrick. Mr. Chustz’s exposure would have come from brushing against insulation materials. Mr. Hays opined that “if you can see visible dust without special lighting, then the concentration was well beyond 5- million particles per cubic foot,” which,was “above the universally accepted guidelines.”
Dr. John Maddox, Plaintiffs’ expert pulmonary disease specialist, téstífied that “[b]ased on the exposure history, the patient’s [Mrs. Sutherland] cumulative asbestos exposures caused this lethal malignant pleural mesothelioma.” Dr. Maddox believed Mrs. Sutherland’s exposure to as *1184 bestos was significantly above background exposure | slevels.
Accordingly, Plaintiffs presented evidence in opposition to Alma’s Motion for Partial Summary Judgment to demonstrate that Mrs. Sutherland may have been exposed to asbestos dust, that her death was caused by an asbestos-related illness, and that there was industrial knowledge of the dangers of asbestos and take home exposure. As noted by the United States District Court from the Middle District of Louisiana regarding the Walsh-Healy Act, the Louisiana Supreme Court has found that the act evidences ‘a level of knowledge that pervaded the industry’ and shows ‘a growing understanding and awareness of a serious problem regarding asbestos.’ ” Catania v. Anco Insulations, Inc., 05-1418-JJB, 2009 WL 3855468, at *2 (M.D.La. Nov.17, 2009), quoting Rando, 08-1163, pp. 28-29, 16 So.3d 'at 1086-87. Genuine issues of material fact remain that would assist in determining whether an alleged duty of Alma to Mrs. Sutherland was foreseeable, given the unique facts and circumstances in this case.' As such, we find, like the Louisiana Supreme Court found in Kenney, that a trial on the merits is necessary and would assist in determining whether Alma owed Mrs. Sutherland a duty/' Accordingly, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

DECREE

For the above-mentioned reasons, we find that the trial court erroneously granted Alma’s Motion for Partial Summary Judgment because factual issues remain that would assist in determining whether Alma owed Mrs. Sutherland a duty. Like the Louisiana Supreme Court in Kenney, we find that a trial on the merits is necessary to resolve the matter. Accordingly, we reverse the trial court’s judgment, and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. Mrs. Sutherland and Mr. Chustz were married from 1955 to 1972.

. A recitation of the additional defendants is unnecessary for the resolution of this appeal.

.The motion was filed as a partial motion for summary judgment. However, when the trial court conducted a hearing on the matter, the motion was wholly dispositive as a motion for summary judgment.

. Alma also contends that as a seasonal mill operating in "rural Point Coupee Parish” that functioned as the "sole facility,” it'did not possess the same knowledge as larger, international corporations.