WARD, Judge.
Karen B. Fayard appeals a summary judgment granted in favor of her employer Contifleeting, Inc., dismissing her claim under the Jones Act, 46 U.S.C. Section 688, and the General Maritime Law on the grounds that she was not a seaman. We reverse.
Contifleeting employed Fayard to obtain and deliver supplies and parts for its fleet of five tug boats. While working on the MARK TWAIN, a steamboat owned and used by Contifleeting as an office or supply barge, Fayard allegedly sustained injuries when she attempted to lift a large, heavy container of acetylene onto one of the tugs. She filed a petition against Contifleeting and its compensation carrier, Aetna Casualty and Surety Company, in Civil District Court, asserting that at the time of her injury she was a Jones Act seaman, “employed as a member of the crew of a supply barge, owned and operated by Conti Fleeting,” and that she was injured as a result of both the negligence of Contifleeting and the unseaworthiness of its supply barge.
Contifleeting moved for a summary judgment on the grounds that Fayard was not assigned to work on any vessel or group of vessels, that she performed a substantial portion of her work on the MARK TWAIN, and that the MARK TWAIN was not a “vessel” under the Jones Act or General Maritime Law. The motion had the following attached documents: 1) an affidavit of the general manager of Contifleeting, Inc. stating that the MARK TWAIN had been permanently moored to the Mississippi River bank for 18 years, had no means of propulsion and had permanent connections to the shore for water, electricity and telephone services; 2) a statement of material facts which Contifleeting alleged were uncontested; 3) a petition filed by Fayard in the Twenty-Fourth Judicial District Court of Jefferson Parish, seeking worker’s compensation benefits; 4) a ruling from a United States Eastern District Court case that the MARK TWAIN is not a vessel under the Jones Act; and 5) an Inland River Record to show the similarity between the MARK TWAIN and the BUNA, an office barge found not to be a vessel in Jiles v. Federal Barge Lines, Inc., 365 F.Supp. .1225 (E.D.La.1973). Although the memorandum in support of the summary judgment motion quoted extensive excerpts from a deposition of Fayard, this deposition was not filed in the record.
Fayard filed a memorandum in opposition, a statement of material facts which disputed the facts contained in Contifleet-ing’s statement of material facts, and a countervailing affidavit stating that “I was assigned to Contifleeting’s fleet of five river tugs.... A very substantial normal and usual part of my job consisted of me going aboard the tugs to deliver the supplies that I had obtained for them.... Although there are office workers who work aboard the M/V MARK TWAIN, I did not work with them, and I was not supervised by them. My supervisor was the fleet cap-tain_ Contifleeting, Inc., ... owned and operated the fleet of five tugs that I was specifically assigned to obtain supplies for....”
After a hearing on the motion the Trial Court rendered a judgment, finding Fayard was not entitled to claim the status of a *1271 “seaman” on the basis of the “pleadings, the memoranda of the parties, and the evidence in the record,” dismissing her claim with prejudice, and ordering each party to bear his own costs. Fayard’s rule for a new trial and to amend her petition, stating that she “was permanently assigned to and ‘a member of the crew’ of the fleet of five river tug boats and/or of the M/V MARK TWAIN,” was also denied by the Trial Judge. Arguing that genuine issues of fact exist concerning her status as a seaman, Fayard brings this appeal.
We need not address the substantive issues raised by Fayard on appeal because Contifleeting, on the record before us, has produced insufficient evidence to support its motion for a summary judgment against Fayard’s claim.
A summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.C.C. Pro. art. 966. It is no substitute for a trial on the merits. An appellate court must scrutinize mover’s documents very closely; the court must resolve all reasonable doubts against granting a summary judgment. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Employers’ Surplus Line Insurance Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978); Landry v. Brandy, 389 So.2d 93 (La.App. 4th Cir. 1980). Where mover’s documents for summary judgment refer to a deposition which is not filed in the record, summary judgment is improper. Welch v. South Central Bell Telephone Co., 402 So.2d 200 (La.App. 1st Cir. 1981).
After examining the documents available to the Trial Court, we find that most of the facts alleged by Contifleeting in its memorandum in support of summary judgment are contained in Fayard’s deposition. That deposition, as we have previously stated, is not in the record. The failure to place the deposition in the record is merely a procedural shortcoming which may be cured. However, it is one which cannot be ignored because it may substantially affect Fa-yard’s rights. Because Contifleeting produced insufficient evidence to support its summary judgment, the dismissal of Fa-yard’s claim was improper.
In reaching this result, we do not address the substantive question of whether the documents, if properly filed and admitted, would have resolved all genuine issues of material fact. The mover, Contifleeting, is entitled to file another motion for summary judgment, with appropriate documentary support, at any time.
Accordingly, the judgment is reversed and the case is remanded to permit Fayard to amend her petition, and for further proceedings which may or may not include other motions for summary judgment. Costs of this appeal are assessed to Conti-fleeting.
REVERSED AND REMANDED.