LPER CURIAM.
Applicant, Johnny Winston, has filed a “Petition for a Writ of Mandamus and Writ of Review,” seeking to have this Court order a hearing on a motion to recuse the Honorable E. Rudolph McIntyre of the Fifth Judicial District Court, Parish of Richland. Applicant also asserts that the trial court’s interlocutory judgment on venue should be annulled for “ill practices,” and that Judge McIntyre denied applicant’s motion for annulment after Judge McIntyre refused applicant’s request for recusal. Applicant further prays that this Court accept supervisory jurisdiction over this matter. For the following reasons, we grant applicant’s request to exercise our supervisory jurisdiction, but we reject the relief sought, dismiss applicant’s Motion for Annulment of Judgment with prejudice, and conclude the recusal issue is now moot.
On July 6, 2000, this Court rendered a judgment in appeal No. 34,195-CA, Johnny Winston v. Jimmie Martin, et al. In that appeal, we rejected Winston’s arguments concerning the trial court’s interlocutory judgment transferring venue to Beauregard Parish. This Court not only affirmed the trial court’s judgment on *391 venue, but also concluded there was no error in the trial court refusing to grant Winston an extension of time to file a motion for new trial on the issue of improper venue. We pointed out that under the provisions of Article 2088 of the Louisiana Code of Civil Procedure, the jurisdiction of the trial court over all matters addressed in its judgment was divested on April 10, 2000, and that the trial court then had no jurisdiction to consider such matters.
Since the rendering of our opinion, Winston filed a Motion for Annulment of Judgment in the district court. In that motion, he alleged that his appeal of the trial court’s venue judgment was granted before the judgment was signed, in violation of the provisions of La. C.C.P. art.1911. He also argued that the trial court signed the judgment prior to the filing date, inconsistent with the provisions [ aof La. C.C.P. art. 253. Winston then alleged that the combination of errors indicates “ill practices,” and the premature order granting the appeal prejudiced Winston’s ability to file a proper and timely motion for new trial. Accordingly, Winston prayed that the final judgment of the trial court be annulled, including the affirmation of the judgment by this Court.
Winston also filed a motion to recuse Judge McIntyre, and the other judges of the Fifth Judicial District Court, with respect to ruling on Winston’s Motion for Annulment of Judgment. Judge McIntyre denied this motion on July 25, 2000.
In the interest of judicial efficiency and fairness to the litigants, we have elected to exercise our supervisory jurisdiction to reach the merits of Winston’s complaints concerning his Motion for Annulment of Judgment, as well as his complaints concerning Judge McIntyre’s refusal to recuse himself.
We hold that Winston’s Motion for Annulment of Judgment is meritless. An action for nullity pursuant to the provisions of La. C.C.P. arts.2001 et seq., addresses the nullity of final judgment. The judgment in the instant case was an interlocutory judgment, and, thus, not subject to a nullity action. Furthermore, the grounds asserted in support of the nullity action are meritless. The provisions of La. C.C.P. art.1911 require a final judgment to be signed by the judge. In the instant case, the judgment was an interlocutory judgment, not a final judgment, and not subject to the signing requirement of Article 1911. Instead, an interlocutory judgment need not be signed or even reduced to a written form. Moreover, the granting of an order of appeal in open court, prior to the signing of a final judgment, is not an “ill practice,” and the granting of an order of appeal in open court, with respect to an interlocutory judgment that may cause irreparable injury, certainly is not an “ill practice.”
We further observe that Winston can hardly complain of the trial court’s order granting him an appeal when the Code of Civil Procedure, in Article 2121, | aspecifically states that an order of appeal may be granted on oral motion in open court. Furthermore, as noted in our opinion of July 6, 2000, the trial court’s jurisdiction over all matters addressed in that court’s venue judgment, was divested on April 10, 2000, and the trial court no longer had jurisdiction to consider them. Thus, there was no error in the trial court refusing to grant an extension of time to file a motion for new trial on the issue of improper venue.
We also observe that a motion for new trial is a procedural device applying only to final judgments. The delay for applying for a new trial commences to run from notice of judgment as required by Article 1913. Article 1913, in turn, is clear in addressing the signing of a final judgment. Thus,-even if Winston had not al *392 ready taken an appeal and thereby divested the district court of jurisdiction prior to attempting to seek a new trial, a motion for new trial would not have been proper in this case where the judgment at issue was interlocutory and not a final judgment. Winston could have requested the trial court to reconsider its decision on venue if Winston had not already caused the trial court to divest itself of jurisdiction by moving for and obtaining an order of appeal. Nevertheless, we observe that Winston did file such a motion for reconsideration, and that this Court has already addressed the merits of Winston’s arguments in his motion for reconsideration. We addressed and rejected those arguments in our decision of July 6, 2000.
Next, we hold that because the trial court’s venue judgment was not required to be signed by the trial judge, Winston’s argument concerning the provisions of Article 253 of the Louisiana Code of Civil Procedure is meritless. Furthermore, failure to endorse before signing is not an “ill practice.” Finally, because we find Winston’s complaints to be meritless as a matter of law, there is no need for any further action in the district court, and Winston’s complaint concerning recusal of Judge McIntyre and the other judges of the Fifth Judicial | ¿District Court therefore is moot.
CONCLUSION
For the reasons set forth above, applicant’s Motion for Annulment of Judgment, filed in the Fifth Judicial District Court, Parish of Richland, .is hereby dismissed with prejudice. Applicant’s Motion to Re-cuse is hereby denied as moot.
MOTION FOR ANNULMENT OF JUDGMENT DISMISSED; MOTION TO RECUSE DENIED.