PATRICIA RIVET MURRAY, Judge.
| j Plaintiff Ramona Hedrick appeals the trial court’s granting of summary judgment dismissing her claims against one defendant, Auto Club Family Insurance *127 Company [“Auto Club”]. For the reasons that follow, we affirm.
FACTS AND PROCEEDINGS BELOW
Ms. Hedrick’s mother, Mrs. Cleo Satter LoCicero, suffered a heart attack and died while being treated in the intensive care unit of St. Elizabeth’s Hospital in St. John the Baptist Parish on January 24, 2004. Ms. Hedrick instructed that her mother be brought to Lake Lawn Funeral Home in New Orleans for religious services and burial. Five days later, Ms. Hedrick filed an ex parte “Petition for Interment” in Civil District Court in Orleans Parish, seeking and eventually obtaining a court order allowing her to proceed with the funeral and the interment of her mother, which allegedly was being blocked by Ms. Hedrick’s three sisters. Ms. Hedrick also filed a petition to be recognized as the executor of her mother’s estate and to execute her mother’s statutory will.
|2Several months later, on April 27, 2004, Ms. Hedrick, on her own behalf and on behalf of the estate of her mother, filed a “First Supplemental and Amending Petition for Damages” against Ms. Hedrick’s three sisters, namely Donna Webre, Ava Marks and Pam Melancon, and their respective insurers (referred to as “ABC”, “XYZ”, and “ZZZ” Insurance Companies). In this petition the plaintiff alleged that her sisters, who had been estranged from their mother at the end of her life, had defamed Ms. Hedrick by falsely accusing her of having murdered their mother by poisoning; and that their false and defamatory statements had caused an unnecessary autopsy desecrating their mother’s body, had unduly delayed and increased the expenses of their mother’s funeral, and had triggered a criminal investigation of Ms. Hedrick. Ms. Hedrick also alleged that her sisters were liable to her for their negligent, or alternatively intentional infliction of mental anguish/ emotional distress.
Auto Club intervened in the lawsuit as the homeowner’s insurer of Ms. Melancon. On April 17, 2009, the trial court granted partial summary judgment dismissing “all causes of action except intentional infliction of emotional distress” against Ms. Me-lancon. That judgment was never certified as final pursuant to La. C.C.P. art. 1915. On April 27, 2009, the trial court rendered summary judgment dismissing Auto Club from the litigation on the basis that Ms. Melancon’s policy excluded coverage for intentional acts. That judgment was designated as a final judgment on July 15, 2009, and Ms. Hedrick obtained an order of appeal.
^DISCUSSION
On appeal, Ms. Hedrick argues that even though all causes of action against Ms. Melancon except for intentional infliction of emotional distress have been dismissed, a jury could nevertheless find Ms. Melancon guilty of the “lesser cause” of negligent infliction of emotional distress under the same facts. Auto Club counter-argues that Louisiana does not recognize a cause of action for negligent infliction of emotional distress; that there were no facts alleged in the petition to support such a cause of action; and that the trial court correctly dismissed Auto Club because the policy it issued to Ms. Melancon clearly excludes coverage for the intentional acts of an insured.
We first note that, in their briefs, both parties to the appeal make the assumption that the April 17, 2009 judgment (dismissing all causes of action against Ms. Melancon except for intentional infliction of emotional distress) is before us on appeal, as well as the May 27, 2009 judgment (dismissing Auto Club from the suit); however, this assumption is incorrect. Because the trial court dismissed some but *128 not all of Ms. Hedrick’s claims against Ms. Melancon, the April 17 judgment clearly is a partial summary judgment under La. C.C.P. art. 1915 B, which reads, in pertinent part:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, recon-ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
L(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
The record does not contain an order of the trial court designating the April 17 judgment as final pursuant to article 1915 B. Absent such a designation, that judgment is an interlocutory judgment not yet ripe for appeal. See, e.g.: Lalla v. Calamar, N.V., 08-0952, p. 3 (La. App. 4 Cir. 2/11/09), 5 So.3d 927, 931.
Conversely, the May 27 judgment, because it dismissed all the claims against one party, Auto Club, qualifies as a final judgment under La. C.C.P. art. 1915 A(l), which provides that a final judgment may be rendered when the court “[djismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.” Pursuant to Auto Club’s motion, the trial court did designate the May 27 judgment as final; however, in view of article 1915 A(l), such a designation was unnecessary. See Jeansonne v. New York Life Ins. Co, 08-932, pp. 8-9 (La.App. 3 Cir. 5/20/09), 11 So.3d 1160, 1167-68; Regency Motors of Metairie, L.L.C. v. Hibernia-Rosenthal Ins. Agency, L.L.C., 03-1312 (La.App. 5 Cir. 2/23/04), 868 So.2d 905, 907-908.
Accordingly, the only judgment properly before us on appeal is the May 27 judgment. In written Reasons for Judgment, the trial court specifically noted that in April, 2009, it had “granted defendant, Ms. Melancon’s Motion for Summary Judgment in part and dismissed all of | aplaintiff s claims against this defendant except for plaintiffs claim for the intentional infliction of emotional distress.” The trial court then noted that “SECTION II — EXCLUSIONS” of the Auto Club policy expressly excludes coverage for bodily injury or property damages to others resulting from “intentional acts or directions by any insured.” In conclusion, the trial court reasoned that because Auto Club’s policy “excludes coverage for the one claim remaining against its insured,” Auto Club was entitled to summary judgment dismissing it from the litigation.
On appeal, the plaintiff does not dispute that the Auto Club policy excludes coverage for the intentional infliction of emotional distress by Ms. Melancon. Instead, appellant argues that a jury could still find Ms. Melancon liable for negligent infliction of emotional distress, in which case the exclusion in Auto Club’s policy would not apply. In effect, the plaintiff argues that based upon the facts alleged in her petition, the trial court erred on April 17, 2009, when it dismissed all causes of action against Ms. Melancon except for the inten *129 tional infliction of emotional distress. In response, Auto Club asserts that its policy does exclude coverage for both intentional infliction of emotional distress and for defamation; and that negligent infliction of emotional distress is neither recognized as an independent cause of action under Louisiana law, nor supported by the facts of the plaintiffs petition in the instant case.
As noted previously, appellant’s arguments are inapposite because the April 17, 2009 judgment is not before us on appeal. Moreover, we agree with the trial court that the Auto Club policy unambiguously excludes coverage for intentional acts of its insured, Ms. Melancon. Considering that |fithe intentional infliction of emotional distress was the only claim remaining against Ms. Melancon at the time the trial court rendered summary judgment dismissing Auto Club, we conclude that the May 27, 2009 summary judgment was properly rendered. Accordingly, that judgment is affirmed.[1]
However, nothing in this opinion shall be construed as denying or limiting the rights of the plaintiff and/or Ms. Melancon to bring an action against and/or to recover from Auto Club in the event the April 17, 2009 interlocutory judgment is reversed or amended, and/or Ms. Melancon is found liable to the plaintiff for negligent infliction of emotional distress or any other cause of action covered by the policy.[2]
CONCLUSION
The judgment rendered by the district court on May 27, 2009 dismissing Auto Club from this litigation is affirmed, and the matter is remanded to that court for further proceedings consistent with this opinion.
AFFIRMED.

. Because the April 17, 2009 judgment is not final, the plaintiff still has a right to appeal that judgment after a final judgment has been rendered adjudicating all the claims remaining in the lawsuit. See Cortes v. Lynch, 02-1498 (La.App. 1 Cir. 5/9/03), 846 So.2d 945.

. See La. R.S. 13:4231.