Judge Rosemary Ledet
This is a suit to quiet a tax sale of certain immovable property located in the City of New Orleans (the "Property"). In *467 June 2009, Beulah and Barry Forstall (the "Forstalls") commenced this suit. In their petition, the Forstalls averred that they were the sole owners of the Property; and they named as defendants the following three parties: (i) the City of New Orleans (the "City"); (ii) a prior owner of the Property, Ulis Gaines; and (iii) a subsequent donee of the Property, Reconcile New Orleans, Inc. ("Reconcile").[1]
In July 2016, a one-day bench trial was held in this matter. At trial, three witnesses testified-the Forstalls and Walter O'Brien, the revenue clerking supervisor of the City's Bureau of Treasury, Department of Finance. At the close of the trial, the trial court judge orally ruled as follows:
The only thing that I'm taking up today is whether or not there was notice to the Forstalls relative to the second tax sale, absent notice to the Forstalls of the second, not the tax sale they participated in but the subsequent tax sale, then I've got to grant their request for nullity of that second tax same. [sic] That's all I'm rendering judgment on.
The trial court stated that it was reserving judgment on the following two issues: (i) "whether or not the Forstalls are entitled to title"; and (ii) "whether or not[,] if they [the Forstalls] are entitled to title[,] any reimbursement[s] are due and/or taxes specifically are due to the City."
Six months elapsed between the July 2016 trial and the issuance of a written judgment on January 17, 2017 (the "January Judgment"). In the January Judgment, the trial court, memorializing its earlier oral ruling, ordered that "the trial is bifurcated and the evidence presented at trial pertained only to the validity of the tax sale plaintiff is seeking to be annulled." Also in this judgment, the trial court recognized the City's stipulation, at trial, that it had "no evidence of notice of tax sale" to the Forstalls. The trial court thus ruled in the Forstalls' favor, and against the City, declaring the October 2, 1986 tax sale adjudication of the Property to the City a nullity.
During the six-month period between the trial and the January Judgment, Reconcile filed a motion for summary judgment.[2] Following a hearing, the trial court, on November 18, 2016, issued a judgment granting the motion for summary judgment and dismissing Reconcile with prejudice (the "November Judgment"). In November 2016, the Forstalls filed a motion for new trial from the November Judgment. The trial court, however, did not rule on that motion until February 2017.[3]
*468 On appeal, the Forstalls seek review of both the November Judgment and the January Judgment. For the reasons that follow, we dismiss the appeal insofar as it pertains to the January Judgment, reverse the November Judgment, and remand.
Jurisdictional issues
Appellate courts have a duty to determine, even if the parties do not raise the issue, whether subject matter jurisdiction exists to entertain an appeal. See Moulton v. Stewart Enters., Inc. , 17-0243, 17-0244, p. 3 (La. App. 4 Cir. 8/3/17), 226 So.3d 569, 571 (citing Moon v. City of New Orleans , 15-1092, 15-1093, p. 5 (La. App. 4 Cir. 3/16/16), 190 So.3d 422, 425 ). The threshold question that must be answered before reaching the merits of an appeal is whether the ruling from which a party seeks review is an appealable judgment. "A party may appeal (1) from a final judgment in actions in which appeals are given by law; (2) an interlocutory judgment only when expressly provided by law; and (3) from a judgment reformed in accordance with an additur or remittitur." Frank Maraist, 1 LA. CIV. L. TREATISE, CIVIL PROCEDURE § 14:3 (2d ed. 2017) (citing La. C.C.P. art. 2083 ) ("Maraist ").[4]
A judgment that determines the merits in whole-or in part-is a final-or a partial final-judgment; whereas, a judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. La. C.C.P. art. 1841. "[A]ll judgments other than final judgments and partial final judgments are interlocutory." Maraist , supra.
Both the November Judgment and the January Judgment are partial final judgments. The right to appeal a partial final judgment is governed by La. C.C.P. art. 1915, which has two subparts-"Subpart A" and "Subpart B." Subpart A " 'designates certain categories of partial judgments as final judgments subject to immediate appeal without the necessity of any designation of finality by the trial court.' " Wells Fargo Fin. Louisiana, Inc. v. Galloway , 17-0413, pp. 4-5 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 798, 2017 WL 5485412, *2 (quoting Quality Envtl. Processes, Inc. v. Energy Dev. Corp. , 16-0171, 16-0172, p. 6 (La. App. 1 Cir. 4/12/17), 218 So.3d 1045, 1053 ).
Subpart B " 'provides that when a court renders a partial judgment, partial motion for summary judgment, or exception in part, it may designate the judgment as final when there is no just reason for delay.' " Id. , 17-0413, at p. 5, 231 So.3d at 798, 2017 WL 5485412, *2 (quoting Quality Envtl. Processes , supra ). Subpart B has the following two subparts:
• "[T]he judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay." La. C.C.P. art. 1915(B)(1) ; and
• "In the absence of such a determination and designation, any such order or decision shall not constitute a final *469 judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties." La. C.C.P. art. 1915(B)(2).
See also La. C.C.P. art. 1911(B) (providing, in part, that "[n]o appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B). An appeal may be taken from a final judgment under Article 1915(A) without the judgment being so designated.").
The November Judgment falls under Subpart A because it "[d]ismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors." La. C.C.P. art. 1915(A)(1). The November Judgment dismisses the suit as to one party-Reconcile. The November Judgment thus is a partial final judgment that is immediately appealable pursuant to Subpart A without the necessity of a designation of finality by the trial court. See In re LoCicero , 10-0624, p. 4 (La. App. 4 Cir. 10/20/10), 51 So.3d 126, 128. This court has jurisdiction over the Forstalls' appeal from the November Judgment.
The January Judgment falls under Subpart B because it is a bifurcated judgment not covered by Subpart A. Subpart A authorizes only the following two categories of bifurcated judgments as partial final judgments: (i) a judgment "on the issue of liability when that issue has been tried separately by the court;" and (ii) "when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury." La. C.C.P. art. 1915(A)(5). The January Judgment falls into neither of those categories; it bifurcates the issues before the trial court and grants relief as to only one issue-the nullity of the October 2, 1986 tax sale adjudication to the City. Because the trial court did not certify the January Judgment as immediately appealable, it is a non-appealable judgment. See Richardson v. Tessier , 07-0374, p. 3 (La. App. 1 Cir. 11/2/07), 977 So.2d 55, 56. (noting that the bifurcated judgment was not a final, appealable judgment because it "adjudicate[d] fewer than all the claims and was not certified as final by the trial court in accordance with La. C.C.P. art. 1915(B)(1)").
When, as here, a non-appealable judgment is appealed, this court has the discretion to convert the appeal to an application for supervisory writ. Stelluto v. Stelluto , 05-0074, p. 7 (La. 6/29/05), 914 So.2d 34, 39. This court's discretionary authority, however, is not unlimited. One condition is that the appeal must have been filed within the thirty-day period for filing a writ application.[5] This condition is not met here. The trial court rendered the bifurcated judgment on January 17, 2017. The Forstalls filed their motion for appeal *470 on March 10, 2017. The motion for appeal thus was not filed within the thirty-day period for filing an application for supervisory writs.
Although the Forstalls filed a motion for new trial, which the trial court denied on February 10, 2017, " 'the filing of a motion for new trial seeking reconsideration of an interlocutory judgment cannot interrupt the 30-day period for filing an application for supervisory writs established by Rule 4-3 of the Uniform Rules-Courts of Appeal.' " Johno v. Doe , 16-0200, p. 5 (La. App. 4 Cir. 8/17/16), 198 So.3d 1216, 1218 (quoting Carter v. Rhea , 01-0234, p. 5 (La. App. 4 Cir. 4/25/01), 785 So.2d 1022, 1025 ). "[A] motion for new trial is a procedural device applying only to final judgments." Winston v. Martin , 34,424, p. 3 (La. App. 2 Cir. 9/21/00), 801 So.2d 389, 391 ; Daniels v. SMG Crystal, LLC , 13-0761, p. 9 (La. App. 4 Cir. 12/4/13), 128 So.3d 1272, 1277 (quoting Winston , supra , and citing Carter , supra ). The motion for new trial could not extend the thirty-day period for filing a writ. Given the instant appeal was not filed within thirty days from the date of the January Judgment, we cannot convert the appeal to a writ. Accordingly, we dismiss the appeal insofar as it pertains to the January Judgment for lack of jurisdiction.
Summary judgment-November Judgment
The sole issue presented here is whether the trial court erred in granting Reconcile's motion for summary judgment. "Appellate courts review motions for summary judgment de novo , using the same criteria that govern the district court's consideration of whether summary judgment is appropriate." Peironnet v. Matador Res. Co. , 12-2292, 12-2377, p. 29 (La. 6/28/13), 144 So.3d 791, 814 ; see also Sutherland v. Alma Plantation, L.L.C. , 15-1136, p. 4 (La. App. 4 Cir. 5/4/16), 193 So.3d 1178, 1181.
Because Reconcile's motion for summary judgment was filed in September 2016, the 2015 amendment and reenactment of La. C.C.P. art. 966 (the "2015 Revisions") applies here.[6] The 2015 Revisions overhauled La. C.C.P. art. 966 -the article that governs motions for summary judgment. The 2015 Revisions did not change the legal standard for summary judgment. Summarizing the effect of the 2015 Revisions on the legal standard for summary judgment, one commentator noted:
Although the 2015 [R]evisions brought about a number changes to the substantive law of Article 966, the legal standard for summary judgment did not change with the 2015 [R]evisions. To prevail on a motion for summary judgment, the moving party is still required to show that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. The technicalities of the
burdens of proof and production also did not change. The revision comments-though not substantive law-indicate that the purpose of the changes made to the paragraphs dealing with the burden of proof was merely to clarify and make explicit the existing burden of proof.
Garrett Filetti, *471 22nd Time's the Charm: The 2015 Revisions to Summary Judgment in Louisiana , 77 LA. L. REV. 479, 503 (2016).
The 2015 Revisions, however, did change the rule regarding the evidence and supporting documents that can be introduced and considered by a court in deciding a motion for summary judgment. The recently-enacted rule narrowly defines the field of evidence that a court can consider for purposes of a motion for summary judgment to "those documents filed in support of or in opposition to the motion for summary judgment." La. C.C.P. art. 966(D)(2).[7]
Different from its federal counterpart-Rule 56(c)(3) of the Federal Rules of Civil Procedure - La. C.C.P. art. 966(D)(2) does not allow a court to consider the record as a whole in deciding a motion for summary judgment. "To the contrary, the comments specifically indicate that the court may only consider those documents filed either in support of or in opposition to a motion for summary judgment." Washington v. Gallo Mech. Contractors, LLC , 16-1251, p. 6 (La. App. 4 Cir. 5/17/17), 221 So.3d 116, 121 ; see also Viering v. Liberty Mut. Ins. Co. , 17-0204, p. 8 (La. App. 1 Cir. 9/27/17), 232 So.3d 598, 603, 2017 WL 4320998, *4 (unpub .) (observing that "the parties must now attach all documents in support of or in opposition to" the motion for summary judgment). Revision Comment (k) to La. C.C.P. art. 966 states as follows:
Subparagraph (D)(2) maintains most of the recent legislative changes to this Article, which change the law. Subparagraph (D)(2) makes clear that the court can consider only those documents filed in support of or in opposition to the motion. This rule differs from Federal Rules of Civil Procedure, Rule 56(c)(3), which allows the court to consider other materials in the record.
Contrary to the requirements of La. C.C.P. art. 966(D)(2), Reconcile failed to attach any documents in support of its motion for summary judgment; rather, it referenced evidence located elsewhere in the record-"the previously filed exhibits, [and] the testimony at the bifurcated trial by the plaintiffs."[8] Indeed, Reconcile concluded *472 its memorandum in support of its motion by stating that "predicated upon the exhibits previously filed in this proceeding and from the testimony at the bifurcated trial,[9] [Reconcile] submits that this motion for summary judgment should be granted."[10]
As noted elsewhere in this opinion, the 2015 Revisions did not change the legal standards governing motions for summary judgment. Summarizing those legal standards, in general, and the mover's burden of proof, in particular, this court recently noted that "[t]he burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case showing that there are no genuine issues of material fact." Roadrunner Transp. Sys. v. Brown , 17-0040, p. 7, n. 4 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270 (citing Rapp v. City of New Orleans , 95-1638, p. 4 (La. App. 4 Cir. 9/18/96), 681 So.2d 433, 437 ). Thus, "the movant does not carry his initial burden when he simply 'points out' by motion or brief that the plaintiff lacks factual support for any claim against him." Roadrunner Transp. Sys. , supra (citing 1 Frank L. Maraist, LA. CIV. L. TREATISE, CIVIL PROCEDURE § 6:8 (2d ed. 2016) (citing
Sheppard v. Cityof Baton Rouge , 02-2421 (La. App. 1 Cir. 9/17/04), 897 So.2d 25 )). Such is the case here.
Given that La. C.C.P. art. 966(D)(2) precluded the trial court from considering other materials in the record for purposes of ruling on the motion for summary judgment, Reconcile failed to meet its burden, as mover, to establish a prima facie case showing that there are no genuine issues of material fact. Because Reconcile failed to make such a showing, the burden of proof never shifted to the Forstalls.[11] The trial court thus erred in granting the motion for summary judgment, dismissing the *473 Forstalls' claims against Reconcile with prejudice.[12]
DECREE
For the foregoing reasons, the appeal of the January 17, 2017 judgment is dismissed; the November 18, 2016 judgment, granting Reconcile's motion for partial summary judgment, is reversed; and this matter is remanded.
APPEAL OF JANUARY 17, 2017 JUDGMENT DISMISSED; NOVEMBER 18, 2016 JUDGMENT REVERSED; AND REMANDED

In support of their claim that they were the sole owners of the Property, the Forstalls enumerated the following three reasons:
• On June 25, 1985, Mrs. Forstall acquired the Property from Mr. Gaines in a tax sale conducted by the City's Bureau of the Treasury for unpaid 1983 taxes; and the "[P]roperty has not been redeemed nor has any suit been filed to annul the tax sale in question prior to the institution of this proceeding."
• On November 7, 1986, a tax sale adjudication of the Property to the City was recorded; however, the 1986 tax sale to the City is "absolutely null and void for failure to notify plaintiff of the said tax sale adjudication to the Parish of Orleans."
• The City executed an Act of Donation of the Property to Reconcile, which was recorded on August 20, 2007; however, since the tax sale adjudication to the City is null and void, the City's donation of the Property to Reconcile is "also null and void and could have transferred no interest to said done[e]."

Before the trial, Reconcile filed a similar motion for summary judgment with attached exhibits, which the trial court denied on February 1, 2010.

The record reflects that the Forstalls filed two motions for new trial-one from the November Judgment and one from the January Judgment. The trial court, however, only issued one judgment denying the Forstalls' motions for new trial on February 10, 2017.

Summarizing the current scope of appealable judgments, La. C.C.P. art. 2083 provides as follows:
A. A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.
B. In reviewing a judgment reformed in accordance with a remittitur or additur, the court shall consider the reasonableness of the underlying jury verdict.
C. An interlocutory judgment is appealable only when expressly provided by law.

When confronted with a judgment on appeal that is not final and appealable, this court has exercised its discretion to convert the appeal to an application for supervisory writs only when the following two conditions are met:
(i) The motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal.
(ii) When the circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation.
Mandina, Inc. v. O'Brien , 13-0085, pp. 7-8 (La. App. 4 Cir. 7/31/13), 156 So.3d 99, 103-04.

The Louisiana Legislature amended and reenacted La. C.C.P. art. 966 in La. Acts 2015, No. 422, § 1, with an effective date of January 1, 2016. La. Acts 2015, No. 422, § 2, provides that "[t]he provisions of this Act shall not apply to any motion for summary judgment pending adjudication or appeal on the effective date of this Act." Since this motion was filed after the effective date of this Act, the amended version of La. C.C.P. art. 966 applies here.

La. C.C.P. art. 966(D)(2) provides:
The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider.

In its memorandum in support of its motion, Reconcile averred that it established its entitlement to summary judgment based on the following:
1. By plaintiffs' own admissions during the bifurcated trial on July 14, 2016, plaintiffs did not pay the property taxes due between 1984 and August 17, 2007 and cannot quiet title to the property.
2. By plaintiffs' own admissions during the bifurcated trial on July 14, 2016, plaintiffs did not maintain the property since 1984 and plaintiffs cannot quiet title to the property.
3. The City of New Orleans acquired a 100% interest in and to the Property free and clear of all encumbrances pursuant to, and by virtue of, the Donation of Abandoned or Blighted Housing Property statutes, La. R.S. 33:4720.25, et seq. , and La. R.S. 47:2201.
4. The City of New Orleans donated its 100% interest in and to the Property free and clear of all encumbrances to Reconcile New Orleans, Inc. and Reconcile New Orleans, Inc. accepted same.
5. Reconcile New Orleans, Inc. is the sole owner of a 100% interest in and to the Property free and clear of all encumbrances, including the tax to plaintiff registered at COB 799, folio 394, which is cancelled.
6. Plaintiff may have a claim, but plaintiff has no claim against Reconcile New Orleans, Inc. and plaintiff has no claim to take possession of the Property.

If Reconcile had attached a copy of the transcript from the bifurcated trial, this evidence would have been subject to an objection by the Forstalls as improper summary judgment evidence. Recently-enacted La. C.C.P. art. 966(A)(4) provides that "[t]he only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." Under La. C.C.P. art. 966(A)(4), "[t]rial testimony is not the type of documentary evidence that is listed as admissible." Suire v. Oleum Operating Co. , 17-117, p. 15, 235 So.3d 1215, 1227 (La. App. 3 Cir. 11/2/17), 2017 WL 4987635, *8. Given Reconcile failed to attach a copy of the transcript to its motion, the Forstalls had no opportunity to object to the transcript as improper summary judgment evidence. Nor do we definitively decide the issue of whether the transcript would have been competent summary judgment evidence. See Gallo , 16-1251 at p. 6, 221 So.3d at 121 (observing that the court "need not reach the issue of whether the transcript excerpts are competent summary judgment evidence under La. C.C.P. art. 966A(4)").

Opposing the motion for summary judgment, the Forstalls raised this issue regarding the lack of documentary support-albeit not citing La. C.C.P. art. 966(D)(2) -by pointing out that "[n]o document is submitted to support the allegations of this Motion." In their opposition, the Forstalls also raised the issue of Reconcile's alleged failure to comply with District Court Rule 9.10, which requires that a memorandum in support of a motion for summary judgment contain the following: (i) a list of essential legal elements establishing that the mover is entitled to summary judgment; (ii) a list of the material facts that the mover maintains are not disputed; and (iii) references to the document proving each material fact. The Forstalls also contended that Reconcile was "essentially attempting to obtain relief by motion, subsequent to the trial on the merits, that it did not receive following the trial."

It is not contended that the Forstalls' petition, on its face, fails to state a cause of action against Reconcile.

Reconcile is entitled to file another motion for summary judgment, with appropriate documentary support. See Fayard v. Contifleeting, Inc. , 488 So.2d 1269, 1271 (La. App. 4th Cir. 1986).