NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 0787

RAMONA A. JAMES AND LAURIE A. DAUZAT AS CO-TRUSTEES OF
ADDISON FAMILY TRUST AND ANNICE RUTH ADDISON

VERSUS

SHELLY J. STROBEL, INDIVIDUALLY AND AS TEMPORARY
CURATOR OF DON H. STROBEL, JOHN COOPER FORE, AND
PATRICIA BALLARD FORE

Judgment Rendered:   **JUN 2 4 2020**

Appealed from the
Twenty-First Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Docket Number 157708

Honorable Charlotte H. Foster, Judge Presiding

\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Robert V. McAnelly<br>Baton Rouge, LA | Counsel for Defendants/Appellants,<br>John Cooper Fore and Patricia Ballard<br>Fore |
| A. Shelby Easterly, III<br>Denham Springs, LA | Counsel for Plaintiffs/Appellees,<br>Ramona A. James and Laurie A. Dauzat<br>as Co-Trustees of the Addison Family<br>Trust and Annice Ruth Addison |
| Robert H. Harrison, Jr.<br>Watson, LA | Counsel for Defendant/Appellee,<br>Shelly J. Strobel, Individually and as<br>Temporary Curator of Don H. Strobel |

\*\*\*\*\*\*\*\*\*\*\*\*\*

BEFORE: WHIPPLE, C.J., McDONALD, AND THERIOT, JJ.

McDonald, J. concurs and assigns reasons.

**WHIPPLE, C.J.**

This matter is before us on appeal by defendants/defendants in cross claim, John Cooper Fore and Patricia Ballard Fore, from a judgment of the trial court in favor of plaintiffs, Ramona A. James and Laurie A. Dauzat, individually, and as co-executors of the Succession of Annice Ruth Addison, and defendants/plaintiffs in cross claim, Shelly J. Strobel, individually, and as curator of Don H. Strobel. For the reasons that follow, we vacate in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

Charles Raymond Addison, his wife, Annice Ruth Addison, Shelly J. Strobel, and Don H. Strobel were co-owners of a 28.77 acre tract of land in Livingston Parish. Mr. Addison died on June 16, 2010, and pursuant to Mr. Addison's last will and testament, his one-fourth ownership interest in the property was placed in the Addison Testamentary Trust.[1] Mr. Addison appointed his brother-in-law, Don Strobel, as trustee of the Addison Testamentary Trust. On July 7, 2015, Don Strobel resigned as trustee.[2] Eventually, on November 30, 2017, Annice Addison, who succeeded Strobel as trustee, appointed her daughters, Ramona James and Laurie Dauzat, as successor co-trustees of the Addison Testamentary Trust.

In the meantime, however, on July 8, 2015, Annice Addison, Shelly Strobel, and Don Strobel executed an agreement purporting to partition ownership of the 28.77 acre tract such that Annice Addison was granted ownership of the southern 14.34 acres and Shelly and Don Strobel were granted ownership of the northern 14.34 acres. The Addison Testamentary Trust, however, was not a party to this agreement. The agreement and attached map were filed in the parish conveyance records at CB 1228, page 663.

---

[1] The trust is also referred to in the record and briefs as the "Addison Family Trust."

[2] The "Resignation of Trustee" executed by Strobel, was subsequently notarized on July 9, 2015.

2

On March 20, 2017, Shelly and Don Strobel executed a document entitled "Exhibit A," purporting to be a cash sale of approximately eighteen acres of the original 28.77 acres for $100.00 to buyers, John Fore and Patricia Fore. The document and attached map were recorded at CB 1281, page 677. On November 7, 2017, the Strobels and Fores executed a "Cash Sale/Act of Correction" in an attempt to correct the legal description of the land contained in the March 20, 2017 "Exhibit A" cash sale. The "Cash Sale/Act of Correction" was recorded at CB 1305, page 254.

On December 4, 2017, James and Dauzat, along with Annice Addison, ("plaintiffs") filed the instant suit against Shelly Strobel, individually, and in her capacity as temporary curator of Don Strobel; John Fore; and Patricia Fore.[3] Therein, plaintiffs sought a judgment declaring that the July 8, 2015 partition agreement was null, void, and of no legal effect where: (1) the Addison Testamentary Trust, a co-owner of the property, was not made a party to the partition agreement; (2) subdivision of the property had not been approved by the Livingston Parish Government; and (3) a legal description of the property did not fully appear within the four corners of the document or map attached thereto, in that "the line" referenced therein was neither defined nor fixed, had no point of beginning, had no compass bearing, and had no distance. Alternatively, plaintiffs requested that a common boundary be judicially fixed pursuant to LSA-C.C. art. 784, et seq. Plaintiffs later supplemented their original petition to aver that the Strobel-Fore agreements stemming from the July 8, 2015 partition agreement were also null, void, and of no effect.

Shelly Strobel, individually, and as the curator of Don Strobel, ("plaintiffs in cross claim") then filed a cross claim against the Fores, alleging in the alternative:

---

[3]Following Annice Addison's death on February 16, 2018, James and Dauzat were substituted as parties plaintiff in their capacities as co-testamentary executors of her succession.

3

(1) that the "Exhibit A" cash sale of eighteen acres for $100.00 was subject to rescission for lesion beyond moiety and was thus a nullity in accordance with LSA-C.C. art. 2589; (2) that the "Exhibit A" cash sale was, in fact, a disguised donation, not in the form of an authentic act as required by LSA-C.C. art. 1541, such that it was an absolute nullity subject to rescission; and (3) that the "Exhibit A" cash sale and Cash Sale/Act of Correction were insufficient to convey ownership of immovable property where the documents did not adequately identify the consideration for the transfer and the property alleged to be conveyed.

Thereafter, plaintiffs filed a motion for summary judgment on the claims asserted in their main demand against the Strobels and Fores.[4] The Strobels, as plaintiffs in cross claim, likewise filed a motion for summary judgment on the cross claim against the Fores. According to the minutes, the trial court granted both motions after a hearing on October 9, 2018. A judgment was ultimately signed on October 22, 2018, decreeing that the July 8, 2015 agreement between Mrs. Addison and the Strobels, the "Exhibit A" purported cash sale for $100.00 between the Strobels and Fores, and the "Cash Sale/Act of Correction" between the Strobels and Fores, were null, void, and of no effect.[5] The judgment further ordered the Livingston Parish Clerk of Court to make marginal notations on the relevant conveyance book pages.

Following the denial of their motion for new trial, the Fores filed the instant

---

[4]Although plaintiffs initially moved for summary judgment on the claims asserted in their original petition, they filed a second motion for summary judgment after the filing of their supplemental petition.

[5]The judgment initially states that the court finds in favor of "Third Party Plaintiffs against Third Party Defendants," yet no third party claim was filed in the proceedings below. Nonetheless, the subsequent decretal language of the judgment sufficiently identifies the parties and the relief granted.

suspensive appeal.[6]  On appeal, the Fores contend that the trial court erred in granting summary judgment on the plaintiffs' main demand and the Strobels' cross claim by declaring the partition agreement and cash sale null, void, and without legal effect without first restoring the parties to the situation that existed prior to entering the contracts, pursuant to LSA-C.C. arts. 2033 and 2035.  The Fores further contend that the trial court erred in granting summary judgment on the cross claim, where the Strobels claimed an act of cash sale was a disguised donation, but failed to introduce any evidence as to the value of the property at issue and the Fores were not permitted the right, pursuant to LSA-C.C. art 2591, to cure an alleged lesionary sale.

## Summary Judgment

A party may move for summary judgment for all or part of the relief for which he has prayed.  LSA-C.C.P. art. 966(A)(1).  A motion for summary judgment shall be granted only if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.  LSA-C.C.P. art. 966(A)(3).

A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time.  LSA-C.C.P. art. 966(F).  The burden of proof is on the mover.  See LSA-C.C.P. art. 966(D)(1).  However, if the mover will not bear the burden of proof at trial on the matter before the court on the motion, the mover's burden does not require that he negate all essential elements of the adverse party's claim, action, or defense.  Instead, the

---

[6]The Fores appealed from the judgment denying their motion for new trial rather than from the actual summary judgment against them.  Although the established rule in this circuit is that the denial of a motion for new trial is an interlocutory and non-appealable judgment, see McKee v. Wal-Mart Stores, Inc., 2006-1672 (La. App. 1st Cir. 6/8/07), 964 So. 2d 1008, 1013, writ denied, 2007-1655 (La. 10/26/07), 966 So. 2d 583, the Louisiana Supreme Court has directed us to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits as well, when it is clear from the appellant's brief that he intended to appeal the merits of the case.  See Carpenter v. Hannan, 2001-0467 (La. App. 1st Cir. 3/28/02), 818 So. 2d 226, 228-229, writ denied, 2002-1707 (La. 10/25/02), 827 So. 2d 1153.

5

mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. LSA-C.C.P. art. 966(D)(1). The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. LSA-C.C.P. art. 966(D)(2).

A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. Larson v. XYZ Insurance Company, 2016-0745 (La. 5/3/17), 226 So. 3d 412, 416. Whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Bryant v. Premium Food Concepts, Inc., 2016-0770 (La. App. 1st Cir. 4/26/17), 220 So. 3d 79, 82, writ denied, 2017-0873 (La. 9/29/17), 227 So. 3d 288.

In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Reynolds v. Bordelon, 2014-2371 (La. 6/30/15), 172 So. 3d 607, 610.

## DISCUSSION

### Summary Judgment on the Strobels' Cross Claim

On appeal, the Fores first argue that the trial court erred in granting summary judgment in favor of the Strobels, as plaintiffs in cross claim. The Strobels counter that they were entitled to judgment in their favor, as a matter of law, decreeing that the "Exhibit A" Cash Sale/Act of Correction they entered into with the Fores are nullities. However, in seeking summary judgment, the Strobels

6

filed no memorandum in support of their motion for summary judgment averring the basis for finding such nullity, nor any documents or evidence in support of their cross claim. Instead, the Strobels only filed a "Statement of Undisputed Facts," referencing two documents that were filed in the record as exhibits to the **plaintiffs'** motion for summary judgment on the main demand.[7]

As previously noted herein, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law, and the court may consider **only those documents filed in support of or in opposition to the motion for summary judgment** and shall consider any documents to which no objection is made. LSA-C.C.P. arts. 966(A)(3) & (4) and 966(D)(2).

However, even assuming *arguendo* that the Strobels could rely on the exhibits attached to the plaintiffs' motion for summary judgment on their main demand, if the party moving for summary judgment will bear the burden of persuasion on the subject issue at trial, that party must support his motion with credible evidence that would entitle him to a directed verdict if not controverted at trial. Hines v. Garrett, 2004-0806 (La. 6/25/04), 876 So. 2d 764, 766-767 (per curiam). Such an affirmative showing shifts the burden of production to the party opposing the motion and requires that party either to produce evidentiary materials that demonstrate the existence of a "genuine issue" for trial or to submit an affidavit requesting additional time for discovery. Hines v. Garrett, 876 So. 2d at 766. Even in the absence of formal opposition, the moving party must show that he is entitled to summary judgment. Brumfield v. Dyson, 2018-0896, p. 4 (La. App. 1st Cir. 12/21/18) (unpublished).

---

[7]In their statement of undisputed facts, plaintiffs in cross claim reference: (1) the July 8, 2015 partition agreement entitled "Exhibit A"; and (2) the Cash Sale/Act of Correction between the Strobels and the Fores.

7

Contrary to the requirements of LSA-C.C.P. art. 966(D)(2), plaintiffs in cross claim failed to offer any evidence or documentation in support of the claims asserted in their motion for summary judgment. Because plaintiffs in cross claim failed to present sufficient evidence to establish that there were no genuine issues of material fact and that they are entitled to judgment as a matter of law, they did not sustain their initial burden of proof. See Brumfield v. Dyson, 2018-0896 at p. 4. Moreover, to the extent that they refer to other exhibits appearing in the record, we note that only documents filed in support of or in opposition to the motion for summary judgment may be considered by the trial court on a motion for summary judgment. See LSA-C.C.P. art. 966(D)(2); Forstall v. City of New Orleans, 2017-0414 (La. App. 4th Cir. 1/17/18), 238 So. 3d 465, 471-472 (where the mover failed to attach any documents in support of its motion for summary judgment and merely referenced evidence located elsewhere in the record, and LSA-C.C.P. art. 966(D)(2) precluded the trial court from considering other material in the record for purposes of ruling on the motion for summary judgment, the mover failed to meet its burden of establishing a prima facie case that there were no genuine issues of material fact); see also Davis v. Hixson Autoplex of Monroe, L.L.C., 51,991 (La. App. 2nd Cir. 5/23/18), 249 So. 3d 177, 182-183 (reference to documents existing elsewhere in the record is not sufficient - the documents must specifically be filed in support of or in opposition to the motion for summary judgment in order for the court to consider them).

Accordingly, we must reverse the portion of the judgment rendering summary judgment in favor of the Strobels on their cross claim against the Fores.

## Summary Judgment on the Main Demand

The Fores further contend that the summary judgment rendered on the plaintiffs' main demand should likewise be reversed, as the plaintiffs failed to make the necessary showing to establish that they were entitled to summary

judgment in their favor as a matter of law. On the record before us, we are constrained to agree. In support of their motion for summary judgment on the main demand, plaintiffs filed a memorandum contending that they were entitled to a summary judgment declaring the partition agreement and subsequent Strobel-Fore agreements to be nullities under various, alternative theories. We note, however, that while the October 22, 2018 judgment grants plaintiffs' motion for summary judgment, in that it renders judgment decreeing the July 8, 2015 "Agreement" null and void, the record before us contains no transcript of the summary judgment hearing nor written reasons by the trial court.

As a result of the 2015 amendments to LSA-C.C.P. art. 966, Section (C)(4) was enacted, which provides that unless otherwise agreed to by all of the parties and the court, in all cases, the court **shall** state on the record or in writing the reasons for granting or denying the motion.[8] This court has interpreted the requirements of LSA-C.C.P. art. 966(C), as revised, to be mandatory. See Viering v. Liberty Mutual Insurance Company, 2017-0204 (La. App. 1st Cir. 9/27/17), 232 So. 3d 598, 603-605, writ denied, 2017-1821 (La. 12/15/17), 231 So. 3d 637.[9]

The word "shall" is mandatory. LSA-C.C.P. art. 5053. A reading of LSA-C.C.P. art. 966, as amended, evidences the legislative intent, in the absence of an agreement otherwise, that the trial court provide written or oral reasons for granting or denying the motion for summary judgment. In addition to the general mandatory language set forth in the article, LSA-C.C.P. art. 966(F) provides that a

---

[8]Louisiana Code of Civil Procedure article 966 was amended and reenacted by La. Acts 2015, No. 422, § 1, effective January 1, 2016, to provide for certain procedures at the hearing on a motion for summary judgment, to provide for the filing and consideration of certain documents, and to provide for the burden of proof.

[9]For example, in Viering, this court found, with regard to another portion of LSA-C.C.art. 966(C), as amended, that by enacting the mandatory language in Section (1)(a) of amended article 966(C), which provides that unless the parties and court agree otherwise, "[a] contradictory hearing on the motion for summary judgment shall be set," the legislature clearly intended that the parties would be afforded a contradictory hearing, in the absence of which, the portion of the trial court's judgment granting summary judgment, would be vacated. See Viering v. Liberty Mutual Insurance Company, 232 So. 3d at 603-605.

9

summary judgment may be rendered or affirmed **only** as to those issues set forth in the motion. Because the record herein contains no transcript from the October 9, 2018 hearing or written reasons actually explaining a basis for granting or denying the **plaintiffs'** motion, we are unable to determine the basis for the summary judgment or if it was rendered on an issue actually set forth in plaintiffs' motion. See LSA-C.C.P. art. 966(F); MACWCP II, LLC v. Williams, 2017-0004 (La. App. 1st Cir. 9/15/17), 231 So. 3d 665, 670, writ denied, 2017-1750 (La. 12/5/17), 231 So. 3d 624 (where this court held that because the summary judgment procedure specifies that summary judgment may be rendered or affirmed only as to these issues set forth in the motion under consideration, issues not raised in the motion for summary judgment cannot be considered on appeal). Moreover, the record herein contains no indication that all parties and the court agreed to waive the mandatory requirements of LSA-C.C.P. art. 966(C)(4) that the trial court provide stated or written reasons.

More importantly, as a final impediment to our review herein, we note that following the 2015 amendments, LSA-C.C.P. art. 966(D)(2) requires that "[t]he court **shall** consider all objections prior to rendering judgment [and] [t]he court **shall** specifically state **on the record or in writing** which documents, if any, it held to be inadmissible or declined to consider." (Emphasis added.) As set forth above, the word "shall" is mandatory. LSA-C.C.P. art. 5053.

Prior to the summary judgment hearing, plaintiffs filed a reply memorandum in support of their motion for summary judgment and a motion to strike the affidavit of John Fore, objecting to the admission of his affidavit in opposition to their motion for summary judgment. The record before us, however, contains no hearing transcript nor any oral or written ruling regarding plaintiffs' objection to Fore's affidavit. The minute entry from the hearing is also silent as to the disposition of the motion to strike. Thus, on the record before us, we are unable to

10

determine whether plaintiffs' objection was considered by the trial court (or what documents were considered or rejected).[10]

On review, given the mandatory provisions set forth in LSA-C.C.P. art. 966(C) and (D), as amended, and the various inadequacies of the record before us, we must vacate the portion of the October 22, 2018 judgment rendering summary judgment in favor of plaintiffs on their main demand and remand this matter to the trial court for further proceedings.[11] See Viering v. Liberty Mutual Insurance Company, 232 So. 3d at 605.

## CONCLUSION

For the above and foregoing reasons, the portion of the October 22, 2018 judgment, rendering judgment in favor of defendants/plaintiffs in cross claim, Shelly J. Strobel, individually and as temporary curator of Don Strobel, is hereby reversed. The portion of the October 22, 2018 judgment, rendering judgment in favor of plaintiffs, Ramona A. James and Laurie A. Dauzat as Co-Trustees of Addison Family Trust (and testamentary co-executors of the Succession of Annie Addison) on their main demand, is hereby vacated, and this matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed equally against the plaintiffs in the main demand and plaintiffs in cross claim.

**REVERSED IN PART, VACATED IN PART, AND REMANDED.**

---

[10]Since the 2015 amendments to LSA-C.C.P. art. 966, a motion to strike is no longer a proper means for objecting to documents offered in opposition to summary judgment. Adolph v. Lighthouse Property Insurance Corporation, 2016-1275 (La. App. 1st Cir. 9/8/17). 227 So. 3d 316, 319-320. Pursuant to LSA-C.C.P. art. 966(D)(2), any objection to a document shall be raised in a timely filed opposition or reply memorandum. The 2015 amendments to LSA-C.C.P. art. 966 changed the prior law by specifically removing the motion to strike as a means of raising an objection to a document offered by an adverse party in support of or in opposition to a motion for summary judgment and does not allow a party to file that motion. See LSA-C.C.P. art. 966, Comment (k).

[11]In vacating the summary judgment rendered in favor of plaintiffs' on the main demand, we express no opinion as to the ultimate merits of any party's claims or defenses. Instead, our rulings are premised on the procedural and record deficiencies noted above.

11

RAMONA A. JAMES AND LAURIE A. DAUZAT AS CO-TRUSTEES
OF ADDISON FAMILY TRUST AND ANNICE RUTH ADDISON

VERSUS

SHELLY J. STROBEL, INDIVIDUALLY AND AS TEMPORARY CURATOR OF DON H.
STROBEL, JOHN COOPER FORE, AND PATRICIA BALLARD FORE

## McDONALD, J., concurring.

I concur with Chief Judge Whipple's opinion, because I agree that both summary judgments must be set aside. I write separately to note that this case illustrates the technical stringency of current summary judgment law, which makes summary judgments more difficult to render and to review on appeal.

In this case, the district court committed two procedural errors: (1) it violated La. C.C.P. art. 966C(4) by failing to state its reasons for granting the summary judgment on the record or in writing; and (2) it violated La. C.C.P. art. 966D(2) by failing to rule on an objection to John Fore's affidavit before rendering judgment. As pointed out by Chief Judge Whipple, we must reverse the district court's summary judgment because the requirements of La. C.C.P. arts. 966C(4) and 966D(2) are mandatory.

Under prior summary judgment law, however, neither of these procedural errors would have hampered this court's ability to review and decide the propriety of the summary judgment. Before, this court would have conducted a *de novo* review of the record, formulated its own reasons for granting or denying the summary judgment, and would have considered and ruled on the objection to John Fore's affidavit. However, now, the current summary judgment law mandates that the district court jump through many, very specific, procedural hoops before rendering a summary judgment. *See Bond v. Your Mom's Restaurant and Bar*, 18-0924 (La. App. 1 Cir. 12/21/18), 2018 WL 6718624 *4, *(Pettigrew, J., concurring)* (pointing out the "hyper technical substance" of La. C.C.P. art. 966). Consequently, our so-called *de novo* review is apparently not so *de novo* any more, because now we are forced to reverse summary judgments for technical procedural deficiencies that really would not matter under a true *de novo* review.