Judge, Dale N. Atkins
St. Augustine High School appeals a partial summary judgment granted in favor of Central Building Services, Inc. For the reasons set forth below, we dismiss the appeal and remand for further proceedings.
BACKGROUND
This case involves a contract dispute between St. Augustine High School ("St. Augustine") and Central Building Services, Inc. ("Central") arising from a janitorial services contract. Pursuant to the contractual language, termination of the contract for any reason other than non-performance must occur at least 30 days before the contract's automatic renewal date, and notice of termination must be mailed via the United States Postal Service ("USPS"), certified mail, return receipt requested. It is undisputed that St. Augustine mailed notice of termination in a timely fashion, yet the termination letter was mailed via Federal Express, not USPS. Central therefore filed a motion for summary judgment asserting breach of contract and requesting damages commensurate with the terms of the contract.
At the September 8, 2017 hearing on Central's motion for summary judgment, the district court granted partial summary judgment in favor of Central and against St. Augustine High School for failure to provide notice of termination according to the explicit provisions outlined in the contract. However, the district court denied summary judgment on the issue of damages in open court.
On October 5, 2017, within 30 days of the district court's September 8 ruling in open court, St. Augustine filed a Petition for Devolutive Appeal. The district court signed the Order granting the devolutive appeal the same day.[1]
After the appellate record was lodged in this Court, Central filed a Motion to Dismiss Appeal for Lack of Jurisdiction. Central argues that the judgment being appealed is a partial summary judgment that was not designated as final and appealable under La. C.C.P. art. 1915 (B), nor did the district court express any reason why the *105 issue should be immediately appealed. As such, the judgment on appeal is not a final judgment and cannot be considered on appeal. We agree.
DISCUSSION
"[A] judgment that only partially determines the merits of an action is a partial final judgment and, as such, is immediately appealable only if authorized by La. C.C.P. art. 1915." O'Bannon v. Moriah Tech., Inc. , 2017-0728, p. 6 (La. App. 1 Cir. 3/29/18), 248 So.3d 392, 398 (citing Rhodes v. Lewis , 2001-1989, p. 3-4 (La. 5/14/02), 817 So.2d 64, 66 ).
La. C.C.P. art. 1915"divides partial judgments into two groups: (1) those under Article 1915 (A), which lists six specific types of partial final judgments that are appealable without being designated as final by the trial court; and (2) those covered by Art. 1915 (B), which provides that any other partial judgment (excluding those listed in Part A) is not deemed to be final, and not subject to appeal, unless the trial court designates it as such." Andrew Paul Gerber Testamentary Trust v. Flettrich , 2016-0065, pp. 4-5 (La. App. 4 Cir. 11/2/16), 204 So.3d 634, 637-38.
Paragraph (3) under La. C.C.P. art. 1915 (A) includes summary judgments as one of the types of judgments that are immediately appealable without being designated as final, unless the summary judgment is granted pursuant to La. C.C.P. art. 966 (E). Article 966 (E) provides that "a summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties." In other words, if a partial summary judgment is granted on a particular issue, as is the case here, then Article 1915 (A) does not apply. Instead, the provisions of La. C.C.P. art. 1915 (B) would apply. Under La. C.C.P. art. 1915 (B) :
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay .
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
St. Augustine opposes Central's Motion to Dismiss Appeal by arguing first that the district court's judgment was final because the portion of the judgment granting summary judgment went to the issue of liability, and the court's judgment in this case resolved liability but not damages. In support of this argument, St. Augustine references La. C.C.P. art. 1915 (A)(5), which provides that a judgment is final if a court "signs a judgment on the issue of liability when that issue has been tried separately by the court or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury." Second, St. Augustine argues that even if the judgment is not a final judgment, this Court may convert the appeal into a supervisory *106 writ application, because it filed the petition for appeal within the 30-day time period allowed for seeking a supervisory writ.
We find no merit to St. Augustine's first argument, as La. C.C.P. art. 1915 (A)(5) does not apply in these circumstances. Contrary to St. Augustine's argument, the district court's judgment does not resolve all issues of liability; indeed, at the September 8, 2017 hearing, the court seemed to suggest that if Central were also found liable because it allegedly "performed in a substandard manner," this would or could have some bearing on damages. More importantly, because this is a partial summary judgment granted pursuant to La. C.C.P. art. 966 (E), Article 1915 (B)(2), which specifically addresses motions for partial summary judgment, applies rather than Article 1915 (A)(5). Under Article 1915 (B)(2), in the absence of a determination that the judgment is final and there is no just reason for delaying the appeal, the judgment shall not constitute a final judgment for the purposes of an immediate appeal.
St. Augustine's second argument - that this Court may convert the appeal to a supervisory writ - has some merit, however, because this Court has indeed held that it may, in its discretion, convert an improper appeal to a supervisory writ application when certain criteria are met, as expressed in Mandina, Inc. v. O'Brien , 2013-0085 (La. App. 4 Cir. 7/31/13), 156 So.3d 99 :
In certain circumstances, this court has exercised its discretion to convert an appeal of an interlocutory judgment that is not immediately appealable into a supervisory writ application ... when the following two circumstances both are present: (i) the motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal. (ii) When the circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure the fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation.
2013-0085,p. 8, 156 So.3d at 104. See also Forstall v. City of New Orleans , 2017-0414, p. 5 (La. App. 4 Cir. 1/17/18), 238 So.3d 465, 469 ; Herlitz Constr. Co., Inc. v. Hotel Inv'rs of New Iberia, Inc. , 396 So.2d 878 (La. 1981). Here, St. Augustine filed its Petition for Devolutive Appeal within 30 days of the district court's September 8, 2017 ruling from the bench, thereby satisfying the first prong of the Mandina test. In our view the second prong is not satisfied under Mandina , however, because a reversal of the judgment will not terminate the litigation and is not necessary to ensure fundamental fairness and judicial efficiency. We therefore decline St. Augustine's invitation to convert the appeal to a supervisory writ. St. Augustine is in no way precluded from appealing the district court's partial summary judgment once a final judgment has been entered in this matter. See Joseph v. Wasserman , 2017-0603, p. 8 (La. App. 4 Cir. 1/10/18), 237 So.3d 14, 20 ("As a general rule, appellate courts decline to exercise their supervisory jurisdiction when an adequate remedy exists by appeal."); Urquhart v. Spencer , 15-1354, 15-1355, p. 4 (La. App. 4 Cir. 12/1/16), 204 So.3d 1074, 1078 ("an adequate remedy by appeal will exist upon the entry of a precise, definite, and certain judgment containing the decretal language necessary for our appellate review.").
CONCLUSION
Central Building Service, Inc.'s Motion to Dismiss Appeal for Lack of Jurisdiction is granted. St. Augustine's appeal of the *107 partial summary judgment entered against St. Augustine and in favor of Central shall be dismissed and the matter remanded to the district court for further proceedings.
MOTION TO DISMISS APPEAL GRANTED, CASE REMANDED

Even if the partial summary judgment were final and appealable, there was an additional procedural flaw that existed at the time that St. Augustine filed its Petition for Devolutive Appeal: no written judgment had been signed and entered into the record, as required for a final judgment under La. C.C.P. art. 1918. If the judgment had otherwise been final and appealable, however, this procedural flaw would have been cured when the district court subsequently signed a written Judgment on October 31, 2017. See State v. Landry , 2007-1013, p. 2 (La. App. 3 Cir. 9/19/07), 966 So.2d 690, 692.