| | | |
|---|---|---|
| **BRETT LIRETTE** | * | **NO. 2022-CA-0552** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **JASON C. ADAMS, STATE** | * | |
| **FARM MUTUAL** | | **FOURTH CIRCUIT** |
| **AUTOMOBILE INSURANCE** | * | |
| **COMPANY, GEICO** | | **STATE OF LOUISIANA** |
| **CASUALTY COMPANY &** | * * * * * * * | |
| **AXIS VENTURES, LLC** | | |

| | |
|---|---|
| <u>**CONSOLIDATED WITH:**</u> | <u>**CONSOLIDATED WITH:**</u> |
| **BRETT LIRETTE** | **NO. 2022-CA-0553** |
| **VERSUS** | |
| **JASON C. ADAMS, STATE FARM** | |
| **MUTUAL AUTOMOBILE** | |
| **INSURANCE COMPANY, GEICO** | |
| **CASUALTY COMPANY & AXIS** | |
| **VENTURES, LLC** | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-05383, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Dale N. Atkins, Judge Rachael D. Johnson)

Steven A. DeBosier
James H. Peltier, Jr.
Adras Paul Laborde, III
DUDLEY DEBOSIER INJURY LAWYERS
1075 Government Street
Baton Rouge, LA 70802

COUNSEL FOR PLAINTIFF/APPELLANT, Brett Lirette

Joseph M. Messina

Bradley S. Groce
LOBMAN CARNAHAN
400 Poydras Street, Suite 2300
New Orleans, Louisiana 70130

COUNSEL FOR DEFENDANT/APPELLANT, Jason Adams

Kathleen E. Simon
William H. Africk
Marta-Ann Schnabel
O'BRYON & SCHNABEL, APLC
935 Gravier Street, Suite 900
New Orleans, LA 70112

COUNSEL FOR DEFENDANT/APPELLEE, GEICO Casualty Company

Gordon P. Guthrie, III
Gregory J. Angelico
PORTEOUS, HAINKEL & JOHNSON, L.L.P.
704 Carondelet Street
New Orleans, LA 70130

COUNSEL FOR DEFENDANT/APPELLEE, State Farm Mutual Automobile Insurance Company

**APPEAL DISMISSED IN PART WITHOUT PREJUDICE; JUDGMENT REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS**
**January 31, 2023**

DNA

TFL

RDJ

This is an insurance coverage dispute arising from a single-vehicle accident. Appellants, Brett Lirette ("Mr. Lirette") and Jason C. Adams ("Mr. Adams"), each appeal the trial court's June 16, 2022 judgment, which granted the separate Motions for Summary Judgment filed by Appellees, GEICO Casualty Company ("GEICO") and State Farm Mutual Automobile Insurance Company ("State Farm").[1] For the following reasons, we dismiss Mr. Lirette's and Mr. Adams' appeals without prejudice regarding the trial court's grant of State Farm's Motion for Summary Judgment; we reverse the trial court's judgment insofar as it granted GEICO's Motion for Summary Judgment and dismissed Mr. Lirette's claims against GEICO; and we remand this matter for further proceedings.

---

[1] As will be discussed more fully throughout this Opinion, Mr. Lirette filed his appeal of the trial court's June 16, 2022 judgment first; and this Court docketed the appeal as case number 2022-CA-0552. Thereafter, Mr. Adams filed his appeal of the trial court's June 16, 2022 judgment; and this Court docketed Mr. Adams' appeal as case number 2022-CA-0553. On September 7, 2022, GEICO filed an Unopposed Motion to Consolidate, and this Court granted the Motion on September 15, 2022, thereby consolidating the two appeals under docket number 2022-CA-0552.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On May 4, 2016, Kristi Lirette was a passenger in a red 2015 Lamborghini Huracan driven by Mr. Adams. The vehicle collided with a flood wall on Tchoupitoulas Street in New Orleans, and Kristi Lirette died from the injuries she sustained in the accident.

At the time of the subject accident, Mr. Adams and his business partner, Dr. Alireza Sadeghi ("Dr. Sadeghi"), each leased a red 2015 Lamborghini Huracan with their business, Axis Ventures, LLC ("Axis"). Only after the accident did Mr. Adams realize that he was inadvertently driving the vehicle leased to Dr. Sadeghi and Axis ("Lamborghini 'A'"), and not the vehicle leased to him and Axis ("Lamborghini 'B'"). As discussed more fully in this Opinion, Mr. Adams attributed this to the vehicles being swapped at some point but did not recall when or how.

*Mr. Lirette's May 27, 2016 Petition for Damages*

On May 27, 2016, Mr. Lirette, who is Kristi Lirette's father, filed a Petition for Damages, in which he named Mr. Adams, GEICO, State Farm, and Axis as defendants. Therein, Mr. Lirette alleged, in pertinent part, that an insurance policy issued by GEICO ("GEICO Policy") was in full force and effect at the time of the subject accident and rendered GEICO jointly and solidarily liable for the damages caused by Mr. Adams. Additionally, Mr. Lirette contended that two insurance policies issued by State Farm were in full force and effect at the time of the subject accident and rendered State Farm jointly and solidarily liable for the damages caused by Mr. Adams. First, Mr. Lirette contended that State Farm issued Policy Number 286 8850-F23-18A ("State Farm Policy 'A'") to Dr. Sadeghi and Axis for Lamborghini "A." Second, Mr. Lirette contended that State Farm issued Policy

Number 282 7788-D17-18B ("State Farm Policy 'B'") to Mr. Adams and Axis for Lamborghini "B." Thereafter, the matter proceeded before the trial court.

***GEICO's December 10, 2021 Motion for Summary Judgment***

On December 10, 2021, GEICO filed a Motion for Summary Judgment. In its "Memorandum in Support of Motion for Summary Judgment" ("GEICO's Memorandum"), GEICO alleged:

> GEICO did have a Louisiana Family Automobile Insurance Policy bearing Policy Number 4380-31-37-69 wherein the sole named insured was Jason Christopher Adams. The contract of insurance was in full force and effect on the date of this fatal[] accident and provided liability limits of $250,000/5500,000. However, under the definitions, terms, limitations, conditions, and exclusions of the policy, GEICO does not provide any coverage to Jason Christopher Adams for acts and/or omissions related to the accident of May 4, 2016 involving the Lamborghini.

(Footnote omitted.) In pertinent part, GEICO contended that it did not provide coverage because Lamborghini "A" did not meet the definition of a "non-owned [auto]" under the GEICO Policy.

GEICO attached the GEICO Policy as an exhibit to its Motion for Summary Judgment. The declarations page of the GEICO Policy listed two vehicles, neither of which was Lamborghini "A."[2] Further, the GEICO Policy stated:

> LOSSES WE WILL PAY FOR YOU
> UNDER SECTION I
> Under Section I, we will pay damages which an insured becomes legally obligated to pay because of:
>
> 1. bodily injury, sustained by a person, and;
>
> 2. damage to or destruction of property, arising out of the ownership, maintenance or use of the owned auto or a non-owned auto. . . .

Thereafter, the GEICO Policy defined "non-owned auto":

---

[2] The declarations page of the GEICO Policy listed a 2015 Chevrolet Tahoe and a 2016 Land Rover Range Rover.

> Non-owned auto means a private passenger auto, farm auto, or utility auto or trailer not owned by or furnished for the regular use of you or your relatives, except as temporary substitute auto. You or your relatives must be using the non-owned auto or trailer with the owners' express or implied permission. A non-owned auto rented or leased for more than 30 days will be considered furnished for your regular use.

In GEICO's Memorandum, GEICO asserted that there was no coverage for the subject accident because "[Mr.] Adams was not operating [] Lamborghini ["A"] as a non-owned [auto]" according to the above definition. In relevant part, another section of GEICO's Memorandum stated that "[Mr. Adams] was driving, and had permission to drive, [] Lamborghini ["A"] . . . at the time of the accident," and GEICO cited Mr. Adams' answers to requests for admissions and his deposition testimony in support of this statement. Further, in the Statement of Uncontested Material Facts in GEICO's Memorandum, GEICO stated that Mr. Adams did not own Lamborghini "A." In conclusion, GEICO asserted that the GEICO Policy did not afford coverage because "[t]he terms of the GEICO [P]olicy did extend coverage to use of other vehicles, but not for [Mr.] Adams' use of a vehicle owned, leased, or available for his regular use, and which was not listed on the GEICO policy."

GEICO also attached to its Motion for Summary Judgment the transcript of a deposition to which Mr. Adams submitted on February 18, 2021. In pertinent part, the following colloquy occurred:

> Q. Alright. Now, . . . [let us] talk a little bit about the Lamborghini. . . . Your previous testimony was that on the day of the accident you were driving [your] 2016 Range Rover . . . and decided to swap cars later in the day, correct?
>
> A. Yes, ma'm.
>
>     . . . .

4

Q. . . . So you previously testified . . . that you wanted to swap and use the Lamborghini that was at your house because it [had not] been driven in a month and a half and you wanted to make sure that the battery was charged?

A. Correct.

. . . .

Q. So tell me how often you drove the Lamborghini that was at your house that you were driving that night.

A. Not often at all.

Q. Okay. But it was available for you? You could have driven it every day instead of the Range Rover if you wanted, correct?

A. Maybe not. [It is] not functional. But theoretically I could have, yeah.

. . . .

Q. Now, as far as the Lamborghini on that day, it turns out that you were driving the Lamborghini that was leased to Axis Ventures, LLC, and Dr. Sadeghi, right?

A. Correct.

Q. Did you know on that day that it was Dr. Sadeghi's quote/unquote Lamborghini –

A. No.

Q. --rather than yours?

A. No.

Q. . . . [H]ave you been able to think about how the swap happened?

A. I really . . . [could not] tell you where it happened. . . .

Q. Okay. But you knew that the car [had not] been driven in 4 to 6 weeks; [that is] why you wanted to drive it that night--

A. Correct.

5

Though the record shows that Mr. Adams had previously submitted to another deposition on June 5, 2019, we note that GEICO did not attach the transcript of that deposition to its Motion for Summary Judgment.

***State Farm's January 5, 2022 Motion for Summary Judgment***

Thereafter, on January 5, 2022, State Farm filed a Motion for Summary Judgment and argued that the trial court should dismiss State Farm as a liability insurer under State Farm Policy "B." In its "Memorandum in Support of Motion for Summary Judgment," State Farm explained that it had issued State Farm Policy "A" to Dr. Sadeghi and Axis and that State Farm Policy "A" provided coverage for Lamborghini "A," i.e., the vehicle that was involved in the subject accident. Further, State Farm noted that it had accepted coverage for the subject accident under State Farm Policy "A," finding Mr. Adams to be a permissive user of Lamborghini "A." State Farm explained that State Farm Policies "A" and "B" both contained liability limits of $250,000 per person and $500,000 per accident; however, State Farm did not state that it had accepted liability up to these limits under State Farm Policy "A."

Regarding State Farm Policy "B," State Farm stated that it issued this policy to Mr. Adams and Axis for Lamborghini "B," i.e., a vehicle that was not involved in the subject accident. State Farm argued that State Farm Policy "B" did not extend coverage to Lamborghini "A." Specifically, State Farm asserted that State Farm Policy "B" excluded coverage to Lamborghini "A" due to application of the "Other Liability Coverage" provision. That provision stated:

If Other Liability Coverage Applies

1.    If Liability Coverage provided by this policy and one or more other Car Policies issued to you or any resident relative by the State Farm Companies apply to the same accident, then:

6

a.  the Liability Coverage limits of such policies will not be added together to determine the most that may be paid; and

b.  the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. We may choose one or more policies from which to make payment.

State Farm argued that under this provision, the liability coverage limits of State Farm Policies "A" and "B" could not be added or "stacked." Instead, as State Farm explained, it had already fulfilled its contractual obligation by extending coverage under State Farm Policy "A." (As noted by State Farm, because State Farm Policies "A" and "B" had the same liability coverage limits, State Farm could choose either policy under which to accept coverage per this provision.) Additionally, State Farm argued that State Farm Policy "B" did not cover Lamborghini "A" because "[Lamborghini "A"] was not listed in [State Farm] []Policy [']B' and does not qualify as a 'non-owned car'[3] or a 'temporary

---

[3] State Farm Policy "B" defined "non-owned car" as:

**B. Non-Owned Car**: means a **car** that is in the lawful possession of **you** or any resident relative and that neither:

1.  is **owned by**:
    a. **you**;
    b. **any resident relative**;
    c. **any other person who resides primarily in your household**; or
    d. an employer of any person described in a, b, or c above; nor

2.  has been operated by, rented by, or in the possession of:
    a. **you**; or
    b. any **resident relative**

during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or loss. The 31-day limit does not apply to private passenger car rented by you or any resident relative.

substitute car'[4] per the terms of the State Farm Policy Booklet and the undisputed testimony of defendant[, Mr.] Adams."

The trial court conducted a hearing on GEICO's and State Farm's Motions for Summary Judgment on April 1, 2022.

*June 16, 2022 Judgment*

Following the hearing on GEICO's and State Farm's Motions for Summary Judgment on April 1, 2022, the trial court took the matter under advisement. Ultimately, the trial court granted GEICO's and State Farm's Motions for Summary Judgment in its June 16, 2022 judgment. In pertinent part, the judgment stated:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that the Motion for Summary Judgment filed on behalf of Defendant, GEICO Casualty Company[,] be and is hereby granted dismissing Plaintiff, Brett Lirette's[,] claims against Defendant, GEICO Casualty Company with prejudice.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Motion for Summary Judgment filed on behalf of Defendant, State Farm Mutual Automobile Insurance Company[,] be and is hereby granted dismissing Plaintiff, Brett Lirette's[,] claims against Defendant, State Farm Mutual Automobile Insurance [Company,] as liability insurer under State Farm Policy ["B"] with prejudice.

---

[4] State Farm Policy "B" defined "temporary substitute car" as:

*Temporary Substitute Car* means a car that is in the lawful possession of the person operating it and that:

1. replaces *your car* for a short time while *your car* is out of use due to its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. damage; or
   e. theft; and

2. neither you nor the person operating it own or have registered.

8

On June 28, 2022, Mr. Lirette timely filed a Motion for Devolutive Appeal seeking review of the trial court's June 16, 2022 judgment, and this Court docketed Mr. Lirette's appeal as case number 2022-CA-0552. Subsequently, on June 30, 2022, Mr. Adams filed a Motion for Devolutive Appeal seeking review of the trial court's June 16, 2022 judgment, and this Court docketed Mr. Adams' appeal as case number 2022-CA-0553.

***GEICO's September 7, 2022 Unopposed Motion to Consolidate***

Thereafter, on September 7, 2022, GEICO filed with this Court an "Unopposed Motion to Consolidate" ("Motion to Consolidate"), seeking to consolidate docket numbers 2022-CA-0552 and 2022-CA-0553. In its Motion to Consolidate, GEICO noted that the trial court held a single hearing on both GEICO's and State Farm's Motions for Summary Judgment and rendered a single judgment. Further, GEICO contended that the two appeals concerned the same parties and same issues. This Court granted the Motion to Consolidate on September 15, 2022.

Because we find resolution of Mr. Lirette's and Mr. Adams' assignments of error regarding GEICO and State Farm to require the same analysis, we will discuss their assignments of error together. However, because we find a distinction in the procedural posture between Mr. Lirette's and Mr. Adams' appeal of the portion of the June 16, 2022 judgment rendered in favor of State Farm versus the portion of the judgment rendered in favor of GEICO, for purposes of our discussion we will discuss State Farm and GEICO separately.

# DISCUSSION

## *STATE FARM*

### *Assignments of Error*

In his Appellant Brief regarding State Farm, Mr. Lirette asserts five assignments of error:

> 1.   The Trial Court erred when it dismissed State Farm as a liability insurer under State Farm Policy ["B"], issued to defendants[,] Axis . . . and [Mr.] Adams, holding that two State Farm policies "cannot be stacked."
>
> 2.   The Trial Court improperly applied Louisiana's anti-stacking statute to two separate State Farm policies even though the two policies were not issued to the same individual, as required by Louisiana jurisprudence.
>
> 3.   The Trial Court improperly interpreted the word "you" in the State Farm policy to include only Axis . . . to apply the anti-stacking statute when the "you" refers to both named insured in the policies – Axis . . . and [Dr.] Sadeghi in one policy and Axis . . . and [Mr.] Adams in the other policy.
>
> 4.   The Trial Court improperly applied Louisiana's anti-stacking statute to two separate State Farm liability policies even though the anti-stacking statute only applies to the improper stacking of multiple uninsured or underinsured motorist policies which are not at issue in this case.
>
> 5.   The Trial Court improperly applied Louisiana's anti-stacking statute to two separate State Farm liability policies even though the anti-stacking statute only applies to claims made by an insured against his or her insurance company, not an injured party against a tortfeasor's insurer.

In his Appellant Brief, Mr. Adams asserts only one assignment of error regarding State Farm: he contends that "[t]he trial court erroneously granted State Farm's Motion for Summary Judgment dismissing all claims against State Farm as the liability insurer of Jason Adams and Axis."

Because "an appellate court has 'the duty to determine *sua sponte* whether [proper] jurisdiction exists'" and "[a]n appellate court cannot reach the merits of an

10

appeal unless its jurisdiction is properly invoked by a valid *final* judgment[,]" we begin our discussion by determining whether this Court's jurisdiction has been invoked by a final judgment. *Jones v. Whips Electric, LLC*, 2022-0095, pp. 2-3 (La. App. 4 Cir. 9/16/22), 348 So.3d 849, 851 (alteration in original) (emphasis added) (quoting *Moon v. City of New Orleans*, 2015-1092, 2015-1093, p. 5 (La. App. 4 Cir. 3/16/16), 190 So.3d 422, 425; *Reaney-Gates v. Mendoza*, 2019-0912, p. 3 (La. App. 4 Cir. 2/19/20), 293 So.3d 77, 79).[5]

***Whether this Court's Jurisdiction Has Been Invoked by a Final Judgment***

As discussed, the trial court's June 16, 2022 judgment granted State Farm's Motion for Summary Judgment regarding State Farm Policy "B;" and State Farm has accepted coverage for the subject accident under State Farm Policy "A." This Court has explained that if a judgment only partially determines the merits of an action, then it constitutes a partial judgment and is immediately appealable only if authorized by La. C.C.P. art. 1915. *Cent. Bldg. Servs., LLC v. St. Augustine High Sch., Inc.*, 2018-0427, p. 2 (La. App. 4 Cir. 10/17/18), 258 So.3d 103, 105 (quoting *O'Bannon v. Moriah Tech., Inc.*, 2017-0728, p. 6 (La. App. 1 Cir. 3/29/18), 248 So.3d 392, 398). Turning to La. C.C.P. art. 1915:

> [It] divides partial judgments into two groups: (1) those under Article 1915 (A), which lists six specific types of partial final judgments that are appealable without being designated as final by the trial court;[6]

---

[5] We also note that State Farm raises the issue of jurisdiction in the "Jurisdictional Statement" section of its Appellee Brief.

[6] Louisiana Code of Civil Procedure Article 1915(A) provides:

> A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

and (2) those covered by Art. 1915 (B), which provides that any other partial judgment (excluding those listed in Part A) is not deemed to be final, and not subject to appeal, unless the trial court designates it as such.

*Id.* at pp. 2-3, 258 So.3d at 105 (quoting A*ndrew Paul Gerber Testamentary Trust v. Flettrich*, 2016-0065, pp. 4-5 (La. App. 4 Cir. 11/2/16), 204 So.3d 634, 637-38).

In relevant part, "[p]aragraph (3) under La. C.C.P. art. 1915 (A) includes summary judgments as one of the types of judgments that are immediately appealable without being designated as final, *unless* the summary judgment is granted pursuant to La. C.C.P. art. 966 (E)." *Id.* at p. 3, 258 So.3d at 105. Louisiana Code of Civil Procedure Article 966(E) provides that "a summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties." That is, if a partial summary judgment is granted on a particular

---

(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.

(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.

(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).

(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.

(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.

(6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).

issue or cause of action but does not dispose of the entire case as to that party, then La. C.C.P. art. 1915(A)(3) does not apply.

The June 16, 2022 judgment pertains to only one of Mr. Lirette's causes of action against State Farm, which is his claim against State Farm under State Farm Policy "B." The June 16, 2022 judgment does not dispose of Mr. Lirette's entire case against State Farm because his cause of action against State Farm under State Farm Policy "A" remains outstanding for a determination of the damages owed to Mr. Lirette. (As mentioned previously, State Farm has already accepted coverage for the subject accident under State Farm Policy "A," but State Farm did not state that its acceptance of coverage was to the liability limits.) Therefore, La. C.C.P. art. 1915(A)(3) does not apply: the trial court's June 16, 2022 judgment constitutes a summary judgment granted pursuant to La. C.C.P. art. 966(E) because it is dispositive of only one cause of action against State Farm.

Louisiana Code of Civil Procedure Article 1915(B) describes the second group of partial judgments:

> (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, *the judgment shall not constitute a final judgment unless it is designated as a final judgment* by the court after an express determination that there is no just reason for delay.
>
> (2) *In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment* for the purpose of an immediate appeal . . . .

(Emphasis added.) Again, the trial court rendered a partial summary judgment as to Mr. Lirette's claim against State Farm solely under State Farm Policy "B," which was only one of Mr. Lirette's claims against State Farm. Even though State Farm has already accepted liability under Mr. Lirette's other claim concerning State

13

Farm Policy "A," his cause of action regarding State Farm Policy "A" remains outstanding for the trial court to determine the amount of damages owed under State Farm Policy "A." Therefore, the June 16, 2022 judgment is not a final judgment per the express terms of La. C.C.P. art. 1915(B)(1). Moreover, the trial court did not designate the June 16, 2022 judgment as a final judgment after an express determination that there was no just reason for delay. Thus, in the absence of such a designation, the June 16, 2022 judgment does not constitute a final judgment for the purposes of an immediate appeal. La. C.C.P. art. 1915(B)(2).

We further note that our finding that the June 16, 2022 judgment is not a final, appealable judgment regarding State Farm has no bearing on whether the part of the judgment concerning GEICO is final and appealable. *See generally Sheppard v. City of Baton Rouge*, 2002-2421 (La. App. 1 Cir. 9/17/04), 897 So.2d 25 (holding that a partial summary judgment was final and appealable as to one party because it dismissed him from the suit and resolved all claims against him but finding that the judgment was not final and appealable regarding other parties because it dismissed only some of the claims against them and had not been designated as final). Next, we consider whether to convert Mr. Lirette's and Mr. Adams' appeals into supervisory writ applications.

***Whether to Convert the Appeal into a Supervisory Writ Application***

Having concluded that the June 16, 2022 judgment is not a final judgment that invokes our appellate jurisdiction, we next consider whether to convert Mr. Lirette's and Mr. Adams' appeals into supervisory writ applications. In *Mandina, Inc. v. O'Brien*, this Court explained:

> In certain circumstances, this court has exercised its discretion to convert an appeal of an interlocutory judgment that is not immediately appealable into a supervisory writ application. [*Delahoussaye v.*

14

*Tulane Univ. Hosp. & Clinic*, 2012-0906, 2012-0907, p. 4 (La. App. 4 Cir. 2/20/13), 155 So.3d 560, 562.] This court has exercised its discretion to do so when the following two circumstances both are present:

> (i) The motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3[7] of the Uniform Rules, Courts of Appeal.
>
> (ii) When the circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation.

2013-0085, pp. 7-8 (La. App. 4 Cir. 7/31/13) 156 So.3d 99, 104. *See also Forstall v. City of New Orleans*, 2017-0414, p. 5 (La. App. 4 Cir. 1/17/18), 238 So.3d 465, 469; *Herlitz Constr. Co., Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So.2d 878 (La. 1981).

Regarding the first circumstance, the trial court rendered the subject judgment on June 16, 2022. Mr. Lirette filed his Motion for Devolutive Appeal on June 28, 2022, and Mr. Adams filed his Motion for Devolutive Appeal on June 30, 2022. Thus, Mr. Lirette and Mr. Adams both filed their appeals within the thirty-day time period provided in Rule 4-3 of the Uniform Rules, Courts of Appeal, for the filing of an application for supervisory writs; so this meets the first part of the *Mandina* test.

However, in our view, the matter *sub judice* does not meet the second *Mandina* circumstance because a reversal of the judgment will not terminate the litigation: as discussed previously, even after the trial court rendered the June 16, 2022 judgment, Mr. Lirette's cause of action against State Farm under State Farm

---

[7] Rule 4-3, Uniform Rules, Courts of Appeal, states, in pertinent part, that "[t]he return date in civil cases shall not exceed 30 days from the date of notice of the judgment, as provided in La. C.C.P. art. 1914."

Policy "A" remains outstanding for a determination of damages. Further, we find that an immediate decision is not necessary to ensure fundamental fairness and judicial efficiency. We note that Mr. Lirette and Mr. Adams are not precluded from appealing the trial court's decision regarding State Farm Policy "B" once a final judgment has been entered in this matter. *See Cent. Bldg. Servs., LLC*, 2018-0427, pp. 5-6, 258 So.3d at 106 (citing *Joseph v. Wasserman*, 2017-0603, p. 8 (La. App. 4 Cir. 1/10/18), 237 So.3d 14, 20 (holding that "[a]s a general rule, appellate courts decline to exercise their supervisory jurisdiction when an adequate remedy exists by appeal")). Accordingly, having found that the two *Mandina* circumstances are not met, we decline to convert Mr. Lirette's and Mr. Adams' appeals into supervisory writ applications and instead dismiss the appeals without prejudice. *See generally Jones*, 2022-0095, 348 So.3d 849 (holding that this Court's jurisdiction had not been invoked by a final judgment and dismissing the appeal without prejudice). Next, we consider Mr. Lirette's and Mr. Adams' assignments of error regarding GEICO.

### *GEICO*

### *Assignments of Error*

In his Appellant Brief concerning the trial court's grant of GEICO's Motion for Summary Judgment, Mr. Lirette asserts three assignments of error:

> 1. The Trial Court improperly held that GEICO's policy issued to defendant, [Mr.] Adams, does not provide coverage in this case incorrectly reasoning that, as a matter of law, the vehicle involved in the subject accident did not meet the definition of "non-owned auto" under GEICO's policy.
>
> 2. The Trial Court incorrectly held that the Lamborghini did not meet the definition of "Non-Owned" auto because it was leased by Axis . . . and [Dr.] Sadeghi for more than 30 Days when [Mr.] Adams did NOT own or lease the vehicle.

3. The Trial Court improperly held that GEICO's policy issued to defendant, [Mr.] Adams, does not provide coverage in this case, in violation of Louisiana Motor Vehicle Safety Responsibility Law, specifically La. R.S. § 32:900(c) which requires: "Such operator's policy of liability insurance shall insure the person named as insured therein against loss from the liability imposed upon him by law for damages arising out of the use by him of any motor vehicle not owned by him."

In his Appellant Brief, Mr. Adams asserts only one assignment of error regarding GEICO: he contends that "[t]he trial court erroneously granted GEICO's Motion for Summary Judgment dismissing all claims against GEICO." Prior to discussing the merits, we review a preliminary, procedural matter.

***Whether this Court's Jurisdiction Has Been Invoked by a Final Judgment***

We begin our review by determining whether this Court's jurisdiction has been invoked by a final judgment as it pertains to Mr. Lirette's and Mr. Adams' appeal of the trial court's grant of GEICO's Motion for Summary Judgment. Neither Mr. Lirette, Mr. Adams, nor GEICO raises a jurisdictional question; but, as this Opinion previously explained, "[b]efore considering the merits of any appeal, an appellate court has 'the duty to determine *sua sponte* whether [proper] jurisdiction exists, even when the parties do not raise the issue.'" *Jones*, 2022-0095, p. 2, 348 So.3d 849 at 851.

If "a judgment dismisses one party from the principal demand and resolves all issues between the parties, it is a final judgment immediately appealable under both La. C.C.P. art. 1915(A)(1) and (A)(3)." *Sheppard*, 2002-2421, p. 2, 897 So.2d at 26 (citing *Motorola, Inc. v. Associated Indem. Corp.*, 2002-0716, pp. 10-11 (La. App. 1 Cir. 4/30/03), 867 So.2d 715, 721). Louisiana Code of Civil Procedure Article 1915(A) provides, in pertinent part:

A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief

17

prayed for, or may not adjudicate all of the issues in the case, when the court:

> (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.

> . . . .

> (3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).[8]

Additionally, the trial court does not need to designate or certify such a judgment as final for appeal. *Sheppard*, 2022-2421, p. 2, 897 So.2d at 26 (citing *Motorola*, 2002-0716, p. 10, 867 So.2d at 721).

Here, the trial court's June 16, 2022 judgment is final and appealable in connection with GEICO because it grants GEICO's Motion for Summary Judgment; dismisses GEICO from the suit; and resolves all of Mr. Lirette's claims against GEICO. Having determined that our jurisdiction has been invoked, we continue our discussion with the standard of review and principles applicable to the summary judgment procedure before turning to the merits of Mr. Lirette's and Mr. Adams' assignments of error as they relate to GEICO.

***Summary Judgment Principles and Standard of Review***

"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action . . . ." La. C.C.P. art. 966(A)(2). It "is favored and shall be construed to accomplish these ends." *Id. See also Citron*

---

[8] Louisiana Code of Civil Procedure Article 966(E) states that "[a] summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties." This is inapplicable because the trial court's grant of GEICO's Motion for Summary judgment disposed of the entire case as it relates to GEICO.

*v. Gentilly Carnival Club, Inc.*, 2014-1096, p. 10 (La. App. 4 Cir. 4/15/15), 165 So.3d 304, 311-12. "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3).

"An appellate court applies the *de novo* standard of review in examining the trial court's ruling on a motion for summary judgment and utilizes 'the same criteria that govern the trial court's determination of whether summary judgment is appropriate.'" *Jones v. Boot Bar & Grill, C. Napco, Inc.*, 2022-0154, p. 12 (La. App. 4 Cir. 10/05/22), 350 So.3d 968, 978 (quoting *Knox v. Elite Prot. Sols. & Willie's Chicken Shack, LLC*, 2021-0419, p. 9 (La. App. 4 Cir. 10/13/21), ___ So.3d ___, ___, 2021 WL 4771758, at *4). Accordingly, "appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law." *Id.* (quoting *Hood v. Cotter*, 2008-0215, 0237, p. 9 (La. 12/2/08), 5 So.3d 819, 824).

On a motion for summary judgment, "[t]he burden of proof rests with the mover." La. C.C.P. art. 966(D)(1). "The party seeking summary judgment has the burden of proving there is no genuine issue of material fact." *Jones*, 2022-0154, p. 12, 350 So.3d at 978 (citing *Suire v. Lafayette City-Par. Consol. Gov't*, 2004-1459, 1460, 1466, pp. 26-27 (La. 4/12/05), 907 So.2d 37, 56). Thereafter, "[i]f the movant satisfies the initial burden, the burden shifts to the party opposing summary judgment to present factual support sufficient to show he will be able to satisfy the evidentiary burden at trial." *Id.* at pp. 12-13, 350 So.3d at 978-79. *See also La.*

*High Sch. Athletics Ass'n, Inc. v. State*, 2012-1471, p. 18 (La. 1/29/13), 107 So.3d 583, 598.

"However, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Jones*, 2022-0154, p. 13, 350 So.3d at 979 (quoting *Knox*, 2021-0419, p. 9, ___ So.3d at ___, 2021 WL 4771758, at *5). Only after the motion has been made and properly supported does the burden shift from the mover to the adverse party. *Id.* Subsequently, "the adverse party [must] produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." La. C.C.P. art. 966(D)(1). "The adverse party may not rely on mere allegations or denials to defeat a motion for summary judgment but must provide specific facts showing that a genuine issue remains for trial, and failure to do so will result in the rendering of the summary judgment." *Jones*, 2022-0154, p. 13, 350 So.3d at 979 (citing La. C.C.P. art. 967(B)). Any supporting or opposing affidavits filed in connection with a motion for summary judgment must be based upon the affiant's personal knowledge. La. C.P.P. art. 967(A). "'If the adverse party fails to provide factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact' and summary judgment is appropriate." *Jones*, 2022-0154, p. 13, 350 So.3d at 979 (quoting *Knox*, 2021-0419, pp. 9-10, ___ So.3d at ___, 2021 WL 4771758, at *5).

20

In considering a motion for summary judgment, the trial court cannot make credibility determinations but must construe reasonable factual inferences in favor of the party opposing the motion, resolving all doubt in favor of the opponent. *Id.* at p. 14, 350 So.3d at 979 (citing *Citron*, 2014-1096, p. 12, 165 So.3d at 312-13).

"A genuine issue is a triable issue." *Id.* (quoting *Knox*, 2021-0419, p. 10, ___ So.3d at ___, 2021 WL 4771758, at *5). "More precisely, an issue is genuine if reasonable persons could disagree." *Id.* "However, 'if on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue.'" *Id.* "A fact is material when its existence or non-existence may be essential to the plaintiff's cause of action under the applicable theory of recovery." *Id.* "Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." *Id.* "Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of substantive law applicable to the case." *Id.* Next, we turn to Mr. Lirette's and Mr. Adams' assignments of error.

### *Whether the Trial Court Erred in granting GEICO's Motion for Summary Judgment*

As previously stated, Mr. Adams' sole assignment of error regarding GEICO is that "[t]he trial court erroneously granted State Farm's Motion for Summary Judgment dismissing all claims against State Farm as the liability insurer of Jason Adams and Axis." Mr. Lirette's first assignment of error is that "[t]he Trial Court improperly held that [the] GEICO[] policy issued to defendant, [Mr.] Adams, does not provide coverage in this case incorrectly reasoning that, as a matter of law, [Lamborghini "A"] did not meet the definition of 'non-owned auto' under [the]

21

GEICO[] policy." In pertinent part, Mr. Lirette argues that Lamborghini "A" failed to meet the definition of non-owned auto in the GEICO Policy because Mr. Adams did not regularly use it. Finding its resolution dispositive of both Mr. Adams' and Mr. Lirette's assignments of error, we begin by discussing the issue of whether GEICO's Motion for Summary Judgment demonstrated that there is no genuine issue of material fact that Lamborghini "A" was not a "non-owned auto" under the GEICO Policy.

Again, the GEICO Policy provides coverage for the policyholder's use of a non-owned auto and defines "non-owned auto" as "a private passenger auto, farm auto, or utility auto or trailer not owned by or furnished for the regular use of you or your relatives, except as a temporary substitute auto. You or your relatives must be using the non-owned auto or trailer with the owners express or implied permission." As excerpted previously, GEICO's Memorandum stated that "[Mr. Adams] was driving, and had permission to drive, [] Lamborghini ["A"]." Further, in the Statement of Uncontested Material Facts in GEICO's Memorandum, GEICO stated that Mr. Adams did not own Lamborghini "A." Thus, we find the determinative issue about whether Lamborghini "A" qualified as a non-owned auto under the GEICO Policy is if it was "furnished for [Mr. Adams'] regular use."

As discussed regarding motions for summary judgment, "[b]ecause it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of substantive law applicable to the case." The substantive law applicable to this issue concerns insurance policy interpretation because we must analyze the phrase "furnished for the regular use" as found in the GEICO Policy and determine its applicability to the record before us. *See Gonzales v. Geisler*, 46,501, p. 4 (La. App. 2 Cir. 9/21/11), 72 So.3d 992,

22

995 (holding that "[s]ummary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no *reasonable interpretation of the polic*y, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded" (citing *Elliott v. Continental Cas. Co.*, 2006-1505, p. 10 (La. 2/22/07), 949 So.2d 1247, 1253; *Reynolds v. Select Props., Ltd.*, 634 So.2d 1180, 1183 (La. 1994); *Palmer v. Martinez*, 45,318 (La. App. 2 Cir.7/21/10), 42 So.3d 1147).

Regarding the interpretation of insurance policies, the Louisiana Supreme Court has held that "[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code."[9] *Cadwallader v. Allstate Ins. Co.*, 2002-1637, p. 3 (La. 6/27/03), 848 So.2d 577, 580 (citing *Carbon v. Allstate Ins. Co.*, 1997-3085, p. 4 (La. 10/20/98), 719 So.2d 437, 439; *La. Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 1993-0911, p. 5 (La.1/14/94), 630 So.2d 759, 763). Additionally, the Louisiana Supreme Court has explained that "[w]ords and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning." *Id.* (citing La. C.C. art. 2047; *Peterson v. Schimek*, 1998-1712, p. 5 (La. 3/2/99), 729 So.2d 1024, 1028-29; *Carbon*, 1997-3085, pp. 4-5, 719 So.2d at 440-41; *Reynolds*, 634 So.2d at 1183). "Insurance policies are liberally construed in favor of coverage, and exceptions to coverage are strictly construed against the insurer." *Capital Bank & Trust Co. v. Equitable Life Ins. Soc'y of the U.S.*, 542 So.2d 494, 496 (La. 1989). *See also* La. C.C. art. 2057 (providing that "[i]n case of doubt that

_____

[9] *See* La. C.C. arts. 2045-2057.

cannot be otherwise resolved, a contract must be interpreted against the obligee and in favor of the obligor of a particular obligation.").

The Louisiana Second Circuit Court of Appeal has interpreted "[t]he phrase 'furnished for regular use' [to] mean[] that the vehicle is provided, supplied or afforded to the individual according to some established rule or principle or used in steady or uniform course, practice or occurrence as contrasted with being furnished for use only on casual, random, unpredictable or chance occasions." *Whitham v. La. Farm Bureau Cas. Ins. Co.*, 45,199, p. 5 (La. App. 2 Cir. 4/14/10), 34 So.3d 1104, 1108 (citing *Brouillette v. Fireman's Fund Ins. Co.*, 163 So.2d 389 (La. App. 3d Cir. 1964)). Additionally, in discussing the phrase "furnished for regular use," this Court noted that it involves "a question of fact, with no hard and fast rule established to determine such question, which depends upon an examination of the facts in each case according to the general criteria of the terms used." *Seymour v. Estate of Karp*, 2005-1382, 1383, p. 7 (La. App. 4 Cir. 7/31/08), 996 So.2d 1, 5 (quoting *Brouillette*, 163 So.2d 389).

For example, in *Wirick v. Wyble*, the Louisiana Third Circuit Court of Appeal ("Third Circuit") analyzed an insurance policy that defined "non-owned automobile" as "an automobile not . . . furnished for the regular use of . . . the named insured" after one of the defendants, Muriel B. Wyble ("Mrs. Wyble"), struck the plaintiff while driving her employer's delivery truck. Mrs. Wyble testified in her deposition that she used the delivery truck approximately twice a month "only when the regular delivery boy did not show up for work." The Third Circuit concluded that Mrs. Wyble's use of the delivery truck was within the definition of a non-owned vehicle under the policy because it was not furnished for her regular use, noting that Mrs. Wyble's use of the truck was "casual or

infrequent" and was "not at 'regular and predictably certain intervals.'" *Cf.* *Brouillette*, 163 So.2d at 392 (wherein the Third Circuit concluded that a fire truck was furnished for the plaintiff firefighter's use because "it was always furnished for the plaintiff's use in attending every fire that occurred while he was on duty, which thus was a use steady or uniform in practice, a use in accordance with established or prescribed rule or principle (as contrasted with being furnished for use only on casual or random or unpredictable or chance occasion)").

In the matter *sub judice*, we find Mr. Adams' use of Lamborghini "A" most closely resembles Mrs. Wyble's casual and infrequent use of the delivery truck in *Wirick*. GEICO's Motion for Summary Judgment failed to establish that Mr. Adams used Lamborghini "A," i.e., the one leased to Dr. Sadeghi and Axis, in a "steady or uniform" manner. Instead, by his own deposition testimony, Mr. Adams indicated that he had not driven the Lamborghini that was at his house on the night of the subject accident (Lamborghini "A") in the four to six weeks prior to the accident. Further, when asked how often he drove the Lamborghini that was at his house on the night of the subject accident, Mr. Adams responded, "[n]ot often at all." GEICO did not demonstrate that Mr. Adams used Lamborghini "A" in an established manner like the plaintiff fireman in *Brouillette*, who used the fire truck to attend every fire while he was on call. Rather, GEICO's Motion for Summary Judgment establishes that Mr. Adams' use of Lamborghini "A" was casual and infrequent, not at regular or predictable intervals.

Considering the foregoing, we conclude that GEICO failed to meet its burden of proof on its Motion for Summary Judgment and that the trial court erred in granting GEICO's Motion for Summary Judgment because there is a genuine issue of material fact about whether Lamborghini "A" was furnished for Mr.

Adams' regular use and thus falls within the definition of "non-owned auto" under the GEICO Policy. Accordingly, we reverse the trial court's June 16, 2022 judgment insofar as it granted GEICO's Motion for Summary Judgment and dismissed Mr. Lirette's claims against GEICO. Additionally we remand this matter for further proceedings consistent with this Opinion.

Having determined that the trial court erred in granting GEICO's Motion for Summary Judgment because there are genuine issues of material fact and reversal is necessary, we conclude that Mr. Lirette's and Mr. Adams' assignments of error regarding GEICO have merit; and we pretermit discussion of Mr. Lirette's second and third assignments of error regarding GEICO.

**DECREE**

For the foregoing reasons, we dismiss Mr. Lirette's and Mr. Adams' appeals without prejudice regarding the trial court's grant of State Farm's Motion for Summary Judgment; we reverse the portion of the trial court's June 16, 2022 judgment that granted GEICO's Motion for Summary Judgment and dismissed Mr. Lirette's claims against GEICO with prejudice; and we remand this matter for further proceedings consistent with this Opinion.

**APPEAL DISMISSED IN PART WITHOUT PREJUDICE; JUDGMENT REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS**